*NEW-YORK,*
*Nov. 1805.*

Bennett
v.
Ward.

## Thomas Bennett *against* Charles Ward.

ON *certiorari* to a justice's court, in a suit under the 19th section* of the " act to regulate highways," by which it is ordained, that the penalty of $5, imposed for obstructing roads, shall be recovered " in the name of any person who shall " make *complaint* thereof, before any justice of the peace of " the county where the offence shall happen, *upon the oath* " of one or more credible witnesses, and *levied by distress* " *and sale*," &c.

*Cadey* assigned for error, that by the return, it appeared, a regular action of debt had been instituted, instead of the summary mode prescribed by the statute. This point, he said, had been already ruled, in a case of *Hamilton* v. *Burton*, decided in April, 1800. For where an act creates a new offence, and points out how the penalty inflicted is to be recovered, no other method can be pursued. 4 *Bac. Ab. Old. Ed.* 654. *Rex* v. *Right*, 1 *Burr.* 543. An advantage resulted, he urged, from the adoption of the summary proceeding ordered by the law, because, in such cases, the evidence is necessarily returned.

*Gold* contra. It appears that the parties agreed to go to trial, and whatever advantage might have been taken of this objection, had it been made at a proper time, is now waived.

*Cadey* in reply. If the magistrate had not authority to

If, in a statute, a clause creating a new offence, and inflicting a penalty, be so defectively worded, that by one part it appears to be recoverable in a summary way, and by another according to the usual course of proceeding, the latter shall be preferred. All statutes giving summary modes of recovery, are to be strictly construed.
*1 *Rev. Laws*, 595.

NEW-YORK, take cognizance of the cause in this manner, consent will not
Nov. 1805. give him jurisdiction.  Besides, the levy is, after conviction,
Bennett to be by warrant of distress, and upon a regular judgment
v.
Ward. in debt, the usual writ of execution ought, perhaps, to go.

*Per curiam*, delivered by KENT, C. J.   The suit below,
was an action of debt, conducted according to the regulations
of the £10 act, and was brought to recover the penalty or
forfeiture of $5, under the 19th section of the *act to regulate
highways*, which declares, that " If any person shall obstruct
" any highway, &c. such person so offending, shall forfeit
" for every such offence, $5, *to be recovered, with costs of*
" *suit, in the name of any person who shall make complaint*
" *thereof*, before any justice of the peace &c.upon the oath of
" one or more credible witnesses,  and levied by *distress and*
" *sale* of the goods of the offender,  by warrant from the jus-
" tice, to be directed to any constable of the town, &c. and the
" constable is required to pay such penalty into the hands of
" the commissioners of highways, &c. to be applied in im-
" proving the public roads and bridges in such town."

The question is, whether the above recovery ought to
have been in the manner prescribed by the £10 act, or
ought to have been in a summary way, as the section un-
der which it was had, would seem to prescribe ?

The section in question is very defectively drawn. , One
part of it seems to contemplate a recovery by an action or
suit in the ordinary mode, and the other part of it, so far
at least, as relates to the collection of the money by the
constable, uses language applicable only to cases of summary
convictions.   And where a statute admits of two construc-
tions, it is advisable to give it that which is consonant to
the ordinary mode of proceeding before magistrates, as be-
ing the most familiar to them, and because in that, the trial
by jury is secured.   Summary convictions are authorized
frequently in the *English* laws, and they are required in
three different cases in the act before us, viz. under the
11th, 12th, and 23d sections.   But this mode of proceeding
is always strictly construed by the courts, and is not to be
adopted but where the language of the law is positive and
unequivocal.   The judgment below must be affirmed.