NEW-YORK,
Nov. 1808.

Bouton
v.
Neilson.

## Bouton *against* Neilson.

Proceedings under the 11th section of the ' act to regulate highways,' are to be in a summary way; the overseer is the judge of the delinquency of the party, and the justice in issuing a warrant, acts ministerially, and is not bound to give the party notice of the complaint, or to summon him to appear, or show cause against the charge.

FROM the return to the *certiorari*, in this cause, it appeared, that *Neilson* was an overseer of the highways in and for district no. 6. in *Stillwater*, in the county of *Saratoga*, and according to the directions of the " act to regulate highways," passed the 8th *April*, 1801, (laws of *N. Y.* v. 1. p. 588.) made a complaint in writing to the justice, that *Bouton* had neglected to work on the highways, &c. on the 16th *October*, 1806, according to the warning for that purpose, given to him by *Neilson ;* upon which, the justice issued a warrant against *Bouton*, to levy and collect of him 1 dollar, the penalty given by the act, and 25 cents for the warrant.

*Skinner*, for the plaintiff in error. The defendant below was convicted on the mere complaint of the overseer, without being heard, or even cited to show cause why a warrant should not issue against him. It is contrary to every principle of reason and justice that a person should be convicted, without notice of any complaint against him. It is indispensable that the party accused should be *summoned* to appear, before he is condemned.* Complainants in these cases are to be regarded as plaintiffs. The justice is to be considered as the judge, not as a mere ministerial officer to the overseer, who ought to state his complaint in writing, and furnish the necessary evidence to support it. In *Rue* v. *Sprague* and *Consaulis*,† there was a regular

* 4 *Bl. Comm.* 286. 1 *Salk.* 181. 2 *Lord Raym.* 1405. *Strange,* 630. 5 *Term Rep.* 270. 7 *Term Rep.* 370. 3 *Burn's Justice,* 28.
† 1 *Johns. Rep.* 510. 3 *Caines,* 259.

process issued, and the court said, that actions for penalties under the act to regulate highways, must be brought in the name of the person complaining, and not be prosecuted in a summary way.

*Van Vechten*, contra. This is a case of summary conviction. Nothing more was necessary than to pursue the directions of the act, in which nothing is said of notice to the party. This was a proceeding for a penalty under the 11th section of the act, which the court, in *Bennet v. Ward*,* admitted to be a case of summary conviction. The justice is required, on a complaint in writing from the overseer, *forthwith* to issue his warrant to a constable, directing him to levy the fine on the goods and chattels of the delinquent, and forthwith to pay the same to the justice, who is required to pay the same to the overseer. The office of the justice is merely ministerial ; the overseer alone is the judge, and is bound under a penalty to make the complaint to the justice. This is not a proceeding under the act for the recovery of debts to the value of 25 dollars ; and a *certiorari* is perfectly nugatory, for the fine levied is to be immediately laid out on the highway, and the overseer cannot be responsible after the money is expended ; nor can it be recovered of the justice, who is required by the act to issue his warrant and collect and pay over the money.

[KENT, Ch. J. This court has a general superintending power over all inferior courts, and may review and correct all their proceedings, whether on a summary conviction or otherwise.]

*Skinner*, in reply, observed, that if a *certiorari* was not a proper remedy in this case, a party aggrieved by these summary proceedings would be entirely remediless.

THOMPSON, J. delivered the opinion of the court. The proceedings in the court below were under the 11th section of the act regulating highways, to recover the penalty therein given for neglecting to work on the highway, pursuant to notice. It has been decided by this court (3 *Caines*, 260.) that proceedings under this section of the

NEW-YORK,
Nov. 1808.

Bouton
v.
Neilson.

* 3 *Caines*, 260.

NEW-YORK, act, are to be in a summary way ; but the question here
Nov. 1808. presented is, whether *notice* is required to be given to the
Bouton    party against whom the complaint is entered, before the
v.        magistrate issues his warrant to collect the fine.    It is a
Neilson.  just and reasonable rule that no person should be punished
without having had an opportunity of being heard in his
defence.   Had the magistrate any thing to try, or any
discretion to exercise, with respect to issuing the warrant,
I should think it indispensably requisite that the party
should be summoned to appear.    But I cannot discover,
from the provisions in this section of the act, that the ma-
gistrate has any judicial powers whatever vested in him.
If so, notice to the party would be superfluous.    The
overseer of the highways is made the judge with respect
to the imposition of the fine.    He acts under the oath of
his office, and it is expressly made his duty in every case,
in which *he* shall deem the excuse for neglect or refusal to
work insufficient, to make complaint thereof in writing to
a magistrate, and the magistrate is directed *forthwith* to is-
sue his warrant to collect the fine.    No authority is given to
the magistrate to enter into an examination, with respect
to the sufficiency of the excuse for neglecting to work.
The overseer is made the *sole judge* of this.    If he makes
complaint to the magistrate, without having duly notified
the party to work, he would subject himself to the penalty
given in the 14th section of the act.    Whether this power
has been discreetly vested in the overseers of highways is
not for the court to say.    In most cases of summary con-
victions some judicial powers are given to the magistrates,
and a summons or notice to the party complained of, is
requisite ; but where the magistrate acts *merely ministe-
rially,* and has no discretion on the subject, no notice is re-
quired, because it would be useless.    (7 *Term Rep.* 270.
3 *Wils.* 133.)    The case before us falls under the latter
distinction.    The issuing of the warrant is matter of
course, upon the complaint of the overseer, without any
further investigation.    The conviction must, accordingly,
be affirmed.

                                    Conviction affirmed.