YOUNGS, overseer of the poor of Newton v. THE OVERSEERS OF THE POOR OF HARDISTON.

The proceeding under the 9th section of the act for the settlement and relief of the poor, *Rev. Laws*, 39, cannot be sustained upon proof merely, that notice has been given to the overseer of the poor, that a pauper belonging to his township, is sick in another township, and requiring the said overseer to relieve and maintain said pauper; but it must be proved that the pauper was legally settled in, and chargeable to the township of the overseer receiving such notice, and the services rendered, or the money expended, in relieving and maintaining the pauper, must be proved. As the justices act judically, the party to be affected ought to be summoned, or have reasonable notice of the time and place of hearing, before they proceed. The legal residence of the pauper, must first be judically determined, as in other cases, and an order of removal, regularly made out; such order, or a copy of it, together with the notice required by the act, should be served by the overseer where the pauper is, upon the overseer of the place where his settlement

Youngs *v.* Overseers of Hardiston.

has been adjudged to be. It is erroneous for the justices to render judgment and issue execution against the overseer. The process directed by the statute is a warrant, and that warrant ought to set forth the whole proceeding, and shew at how much they adjudged or assessed the sum necessarily expended.

This was a certiorari directed to two justices of the peace of the county of Sussex, removing the proceedings by them had under the ninth section of the act for the settlement and relief of the poor. *Rev. Laws*, 39. The case, as it appeared before the justices, and the objections urged in this court for a reversal, are stated in the opinion of the court, delivered by the chief justice.

*Job S. Halsted* for plaintiff in certiorari.

HORNBLOWER, C. J. This was a proceeding under the 9th section of the act for the settlement and relief of the poor. *Rev. Laws*, 39. Upon proof that notice had been given to Youngs, the plaintiff in certiorari, that a pauper, belonging to Newton, was sick in the township of Hardiston, and unable to be removed, and requiring him to relieve and maintain the pauper, the justices gave *judgment* against him for the amount alleged to have been expended in maintaining the pauper with costs, and thereupon issued *execution*.

It is objected by the plaintiff in certiorari:

First, that no adjudication had previously been made by any competent authority, that the pauper was legally settled in Newton.

Second, that no evidence of such adjudication, or that the pauper was chargeable to Newton, was required by, or produced before the justices.

Third, that no notice had been given to the plaintiff, of the time and place when and where, and of the justices before whom the application for a warrant would be made: and

Fourth, that no proof was required by, or produced before the justices, of the services rendered, or the moneys *necessarily* expended in relieving and maintaining the pauper.

These objections are all well taken. The law was settled by this court in the case of *Day, overseer of Saddle River* v. *The overseers of Pompton*, in the term of February, 1814. But as that case has never been reported, it may be well to take this

opportunity of repeating the law upon this branch of the statute, for the future assistance of magistrates and overseers of the poor.

First, there should be a previous order of removal. The statute, in substance, directs, that if any person shall come into a place where he is not legally settled, and be taken sick, so that he cannot conveniently be moved back to the place of his *last legal settlement,* then notice is to be given, &c. But before the overseer can know to what other overseer such notice ought to be given, the *last legal settlement* of the pauper must be ascertained. By whom and in what manner is that to be done? Certainly not by the overseer himself. He may, indeed, know, or may think he knows the place of the pauper's last legal settlement, and give notice accordingly. But what if he should happen to be mistaken, and give notice to an overseer of a township not legally chargeable with the pauper? The township to which the notice is sent, cannot appeal from it. They must then, (if this proceeding is right,) either send their overseers to take care of a pauper, with whom they are not chargeable, or leave the overseer who was served with the notice, exposed to the consequences of a distress warrant for the amount expended in maintaining the pauper. Such injustice was not intended by the legislature. The legal residence of the pauper, must first be judicially determined, as in other cases, and an order of removal regularly made out. Such order, or a copy of it, together with the notice required by the act, should be served by the overseer where the pauper is, upon the overseer of the place where his settlement has been adjudged to be. If the order of removal is submitted to, by the township to which it was made, the overseer of that township must either provide for the pauper, or expose himself to the warrant directed by the statute in such cases. If, on the other hand, the township charged by the order of removal, denies its liability to maintain the pauper, it may appeal and have the matter tried in proper form. By this course of proceeding, though the pauper is not actually removed, the order of removal is thereby executed in legal contemplation; so far at least, as to fix the residence of the pauper, unless it is successfully appealed from.

The necessity of a regular order of removal in such cases, was expressly ruled by this court in the case of *Day, overseer, &c.* v. *The overseers of Pompton*, to which reference has already been made.    In that case, I was of counsel with the plaintiff, and so far as my memory serves me, substantially the same reasons were assigned for the judgment, by Chief Justice Kirkpatrick, as those which have just been stated.

In the case of *Vorhis* v. *Whipple*, 7 *John. Rep.* 89, the same objection was taken to a similar proceeding.    The statute of New York was, at that time, precisely like ours, so far as relates to this subject; and the court adopted the same rule.    In that case, an order of removal had been subsequently made, and confirmed on an appeal; but the court said, it did not alter the case.

Secondly, if such prior adjudication and order of removal is necessary, then it follows, that the justices, before they issue a warrant, ought to require proof of its existence, unless indeed, they are to act in this matter only ministerially.    Whether they are to do so or not, will be more properly considered under the next objection; which is,

Thirdly, that no notice of the application for the warrant, was given to the plaintiff in certiorari.

If the justices have no discretion in this matter, if they do not act judicially, but ministerially, then notice is unnecessary; it can be of no use to the delinquent overseer, unless he may defend himself. *Bouton* v. *Neilson*, 3 *Johns. Rep.* 474.    The act, it is true, does not require notice; but our law condemns no man unheard, or at least without an opportunity of being heard. 4 *Bl. Com.* 282, *& seq.*; *Rex* v. *Venables*, 2 *Ld. Raym.* 1405; *Rex* v. *Cleg*, 1 *Str.* 475.    The validity of this objection, then, depends upon the question, whether the justices acting under this branch of the statute, are to exercise any judicial power or discretion.    That they are to do so, is to my mind, very clear, from the words of the statute, as well as upon principle and precedent.    The justices are authorized and required, upon complaint made, " to cause all such sum and sums of money, as shall be necessarily expended, &c."    They are then to enquire and determine, whether any sum, and if any, what sum, has been *necessarily* expended.    To do this, they must inquire

into facts, and exercise their judgments. Again, why require the agency of two justices, if the act was to be a ministerial one, and the warrant to be issued of course, upon the application of an overseer ? The 43 *Eliz.* in very similar language, authorises two justices of the peace, upon the application of a church warden, to issue a warrant for poor rates ; but in *Rex* v. *Benn & al.* 6 *T. R.* 198, and in *Harper* v. *Carr*, 7 *T. R.* 270, it was held, that in doing so, they acted judicially, and that therefore the party ought to have been summoned. In the case of *Bouton* v. *Neilson*, 3 *Johns.* 474, the court decided, that if the magistrate has any thing to try, or any discretion to exercise with respect to issuing the warrant, the party to be affected, ought to be summoned. We cannot for a moment suppose the legislature intended to expose every overseer of the poor, to the ruinous consequences of a distress warrant, without any opportunity of being heard in his defence. We are therefore of opinion, the justices in this case, before they proceeded, ought to have summoned the overseer of Newton, or caused a reasonable notice to be served on him, by the applicant, of the time and place of hearing.

The fourth objection is virtually disposed of, by what has preceded. If the party was entitled to notice, it follows that he might controvert the whole matter. The justices, then, ought to have required proof, not only that the pauper had been adjudged to belong to Newton, and that the notice required by the statute, had been given, but of the services rendered and the sums *necessarily* expended in relieving the pauper.

I will only add, it was erroneous, for the justices to render judgment and issue execution against the overseer, as it appears by their return, they did in this case. The process directed by the statute, is a warrant ; and that warrant ought to set forth the whole proceeding, and show at how much they adjudged or assessed the sum necessarily expended.

The judgment and execution in this case, must be set aside and for nothing holden.

CITED in *N. J. Turnpike Co.* v. *Hall*, 2 *Harr.* 339 ; *Overseers of Alexandria* v. *Overseers of Bethlehem*, 5 *Dutch.* 379 ; *State* v. *Newark*, 1 *Dutch.* 412-427 ; *State* v. *Jersey City*, 4 *Zab.* 666.