## RICE and THORP *vs.* MILKS.

Under the 6th section of the 4th title of the 2d chapter of the 3d part of the re-
vised statutes, suspending the jurisdiction of justices of the peace, under that
title, in case they shall become inn-holders or tavern-keepers, in fact, after their
election, and chapter 140 of the laws of 1846, amending that section, a justice
of the peace is not disqualified to entertain proceedings against a person for
refusing to work upon the road, on the complaint of an overseer of the high-
ways; although such justice was, at the time of his election, and when the
proceedings were had, a tavern-keeper.

Those statutes relate, solely, to the civil jurisdiction of justices of the peace under
title 4 of the 2d chapter of the 3d part of the revised statutes; and do not in-
terfere with the powers conferred by other statutes.

MILKS sued Rice and Thorp in a justice's court, and recov-
ered a judgment against them, in a plea of trespass *de bonis as-
portatis.*  The defence set up was, that Thorp, being an over-
seer of the highway, had warned Milks to work on the road.
He neglected to appear, and Thorp made complaint to Rice,
who was a justice of the peace.  The latter issued a summons
requiring Milks to appear and show cause why he should not
be fined according to law.  Upon the return of the summons
Rice imposed a fine on Milks, and issued a warrant for its col-
lection.  Under this warrant the property of Milks was seized
and sold, which was the trespass for which the respondent re-
covered before the justice.  It was admitted that all the proceed-
ings against Milks, before Rice, were regular and in conformity
to the statute.  Rice, at the time he was elected, and at the
time of the proceedings against Milks, before him, was a tavern-
keeper.  On the trial of this cause, the justice decided that Rice
was thereby disqualified to act on the complaint of Thorp, and
that both he and Thorp were trespassers.  The county court
of Allegany county affirmed the justice's judgment, and the case
was brought here by appeal.

Rice *v.* Milks.

*Mr. Grover*, for the appellants.

*Mr. Wetherby*, for the respondent.

*By the Court*, SILL, J.   This case involves a construction of the following section of the revised statutes, as amended in 1846.   "If after the election of any person as a justice of the peace, he shall become an inn-holder or tavern-keeper, in fact, he shall not have any power or jurisdiction under the provisions of this title ; but he may issue execution upon any judgment actually rendered by him before he became so disqualified. (*Rev. Stat. part* 3, *chap.* 2, *tit.* 4, § 6.)   The supreme court decided that if a person elected as a justice was a tavern-keeper at the time of his election, this section did not disqualify him. (*Parmelee* v. *Thompson*, 7 *Hill*, 77.)   It was then provided by chapter 140, of the laws of 1846, that no justice of the peace *being* an inn-holder or tavern-keeper, in fact, should have any power or jurisdiction under title 4 of chapter 2 of the revised statutes above cited.

It is supposed by the counsel for the respondent that the act of 1846 disqualified Rice to entertain the proceedings had before him against Milks.   This provision, it will be observed, in fact, though not in express terms, is an amendment by way of addition to that section of the revised statutes quoted above.   Both, in terms, suspend, in a certain contingency, the civil jurisdiction which justices of the peace claim from title 4, but neither interferes with powers conferred by other statutes.

The first act, by which justices of the peace were authorized to hold courts for the trial of civil causes in this state, was passed in 1787.   This act was revised and in substance re-enacted in the years 1801, 1808, 1813, and 1824.   All these statutes, like that of 1830, contained provisions disqualifying a justice, upon his becoming a tavern-keeper, to exercise the powers and jurisdiction which they respectively conferred.   But they all related exclusively to the power of justices of the peace while holding courts of civil jurisdiction for the trial of suits between party and party, having no reference whatever to the jurisdiction of a

Rice v. Milks.

justice of the peace, as a criminal magistrate or conservator of the peace, nor to any powers conferred by other statutes. None of these statutes declare the office forfeited if a justice become a tavern-keeper, or suspend any of his powers as a magistrate, except those derived from the acts, of which these restrictions respectively constitute part. The proceedings in justices' courts held pursuant to the several acts referred to, were not summary, but as far as practicable, like the proceedings in courts of record; and the matters triable in them were those which belonged to the civil jurisdiction of common law courts.

The power which Rice exercised, and which is the subject of complaint here, was not derived from title 4 above cited, but was conferred by sections 32, 40, 41, 42 and 43, of an act entitled "of highways and bridges." (1 R. S. 509, 511.) The proceeding before him was a summary one to collect by distress the forfeiture which Milks had incurred, by his disobedience to the lawful requirements of Thorp, the overseer of highways. A provision substantially like that under which the justice acted has constituted a part of every highway act which has existed in this state. It is found in the act of 1784, the 7th section of which provides that any person duly warned by the overseer to work on the highway, who shall neglect or refuse to appear, shall forfeit for every offence, twenty shillings to be adjudged by the overseer of the highway, which shall be collected upon his warrant by distress, &c. In the revised road act of 1801, this provision was amended, so that the overseer, instead of adjudicating himself that a forfeiture had been incurred, and issuing his warrant for its collection, was required to make complaint to a justice of the peace, who proceeded ex parte, and acted ministerially in enforcing the penalty. (3 Caines, 260. 3 John. 474. 9 Id. 231. 10 Id. 470.) The highway act of 1813, and that of 1830, are the same, in this respect, as that of 1801 ; except the two later statutes require the delinquent to be summoned to show cause, before a fine is imposed upon him.

The proceeding is a special and summary one, authorized and regulated by the highway act alone. We are referred by the respondent's counsel to a section of title 4, which confers on

Rice *v.* Milks.

justices' courts jurisdiction of actions for the collection of penalties not exceeding one hundred dollars, given by any statute of this state. (*2 R. S. 225.*) And it is said this provision embraces the forfeiture in question. It is not denied that authority for the proceedings before Rice may be found in those sections of the highway act which have been cited; but it is insisted, that title 4 gave a concurrent remedy, and that the law of 1846 forbade Rice to entertain any proceedings which might be had under the latter statute, although like authority for their exercise might be found elsewhere. I can not concur in this construction of the act of 1846. The true construction of it is that a justice of the peace, being an inn-holder, can derive no power or authority from title 4. So long as he keeps a tavern it is to him a dead letter—but it does not deprive him of any jurisdiction conferred by any other statute.

But I think the forfeiture of Milks could not have been collected under title 4. It is a familiar rule that if the statute declaring a forfeiture prescribes the tribunal which is to enforce it, and the mode of its collection, exclusive jurisdiction is thus constructively conferred on the tribunal named, and no other court or mode of proceeding can be resorted to.

The proceeding to collect such penalty must be summary. It must be had before a justice of the peace as justice, and not before a *justice's court;* the latter, under title 4, having no jurisdiction for the collection of this forfeiture. The proceedings before Rice were regular and authorized by the statute. The justice erred in declaring them void. His judgment, and that of the county court, should be reversed.

Judgment reversed.