Hale *v.* Parmley.

## KNOXVILLE, SEPTEMBER TERM, 1850.

NATHAN GREEN,
WILLIAM B. TURLEY, } *Judges.*
ROBERT J. MCKINNEY,

## HALE *v.* PARMLEY and others.

SUPREME COURT PRACTICE.—*Appeal granted upon condition.* When the grant of an appeal to the Supreme Court is upon a condition it must appear that the condition has been strictly complied with; otherwise the Supreme Court will not entertain jurisdiction of the appeal.

CHANCERY PRACTICE.—*Appeal Bonds executed in vacation before Clerk and Master.*

The practice of allowing time to the appellant to execute the bond for his appeal before the Clerk and Master in vacation is an abuse, but has been too long sanctioned by the Courts to be changed except by the Legislature. McKinney, J., *Obiter.*

Sneed, for plaintiff in error.

Minnis, for defendant in error.

McKINNEY, J., delivered the opinion of the Court: A motion has been made to dismiss the appeal and

strike this cause from the docket. The decree in the Chancery Court was against the defendant Parmley for four hundred and thirty dollars ; from which he prayed an appeal to this Court. The record of the prayer and grant is as follows :

. "From which decree of the Court the defendant Parmley prays an appeal to the Supreme Court at Knoxville, which is granted him upon his giving bond and security as required by law is one month from this date."

Within the time limited a bond with security was executed by the appellant in the penalty of five hundred dollars ; but with condition merely to pay and satisfy all such costs as might be decreed against him in the Supreme Court, in case of failure to prosecute his appeal with effect.

The act of 1831, ch. 49, sec. 1, provides that where an appeal is prayed from the final judgment or decree of a Court of Chancery to the Supreme Court, it shall be the duty of the Court " to grant such appeal on the appellant entering into bond with good security, to prosecute such appeal with effect, or in case of failure to pay the money that may be decreed, and also to pay and answer all damages and costs which the appellee may sustain by reason of such wrongful appeal ; provided that in all cases of appeal where money is not decreed to be paid, security shall be required for the payment of the costs only of the appeal. To give jurisdiction to this Court the record must distinctly show that an appeal was regularly and unconditionally granted ; or if the grant of the appeal were upon condition, it must appear that such con-

Hale v. Parmley and others.

dition has been strictly complied with ; otherwise this Court can not entertain jurisdiction of the appeal.

In this case the grant of the appeal was upon the express condition that the appellant should, within one month, execute such a bond as was " required by law," and a literal performance of this condition in all its terms was necessary on the part of the appellant to give effect to his appeal.

The execution of the bond set forth in the record before us, for the costs of the appeal only, was no compliance with the condition upon which the appeal was granted ; the law permitted no such bond to be taken, and its execution so far as the question of jurisdiction of this Court is involved, must be regarded as a mere nullity.

The practice in the Chancery Courts of this state of allowing time to the appellant to execute bond for his appeal before the Master in vacation is liable to serious abuse. It not unfrequently happens that the loss of the debt is jeoparded, either by the insufficiency of the bond or of the sureties. This practice has attained without any authority of positive law, but perhaps it has been too long sanctioned by the Courts to be now changed unless by the intervention of the Legislature. Its frequent abuses, however, urgently demand that efficient measures of some sort shall be taken to enforce proper diligence on the part of the Clerks of the Chancery Courts in this particular.(1)

Let the appeal be dismissed and the cause struck from the docket.

(1) See Morris v. Smith, *supra*, page 45, and cases there cited. See also McPhatridge v. Gregg, 4 Cold 324, where this case and Morris v. Smith are cited.