THE PEOPLE, *ex rel* Peter O. Stephens, *vs.* JOHN TALLMAN, jun., Commissioner of Highways of Clarkstown, and others.

Where a commissioner of highways institutes proceedings, under the statute of 1847, (*Laws of* 1847, *ch.* 455,) for a reassessment of the damages of a person whose land has been taken for a road, such land owner is entitled to *notice* of the empanneling of the jury, and of the subsequent proceedings before them.

The spirit and intention of the act, in directing the jury to hear the parties and their witnesses, requires that the parties should have notice of the proceeding; and independent of any thing in the statute, no proceeding affecting judicially the rights of another, occurring in his absence without notice, can be valid.

COMMON law certiorari, to remove proceedings had under the act of 1847 (*Laws of* 1847, *ch.* 455,) for a reassessment of the damages of the relator, occasioned by the laying out of a highway over his land in the town of Clarkstown. The writ was directed to the defendant Clarkson, commissioner of highways, Jabez Wood, the justice of the peace before whom the proceedings were instituted, and T. L. Denoyelles, town clerk of the town. The court directed the proceedings upon all the returns to be had and conducted as those in one cause or suit.

*Hoffman & Hopper*, for the relator.

*Ferris & Weiant*, for the respondent Tallman.

*By the Court*, EMOTT, J. It appears in this case that a highway has been duly laid out over lands of the relator in the town of Clarkstown, and that his damages had been assessed by commissioners appointed by the county court. The defendant Tallman, as commissioner of highways of the town, instituted proceedings according to the statute of 1847, (*Laws of* 1847, *ch.* 455,) for a reassessment. This statute provides (section 3) for a notice to the opposite party and the town clerk, signifying dissatisfaction with the damages, asking for a reassessment, and specifying a time when the town clerk of some adjoining town will draw a jury to reassess said damages. The proceedings in this case conformed to the statute, in these particulars. The proper notices of drawing the jury were given, and the relator attended, by counsel, at the drawing. The statute directs the town clerk to draw twelve names from a box containing the names of all the persons in the town liable to jury duty, and to deliver to the party asking a reassessment a certificate of such names. Up to this point there is no complaint of these proceedings.

The statute provides that this certificate shall be delivered by the party, within twenty-four hours, to a justice of the peace of the town, and it is his duty forthwith to issue a summons to a constable of the town, directing him to summon the persons named in the certificate at a time and place which he is to specify. Upon the appearance of such persons the justice is to draw by lot six of the number, to be the jury. They are to be sworn well and truly to reassess the damages, and they are required by the statute to take a view of the premises, and to "hear the parties and such witnesses as may be offered by the parties and sworn by said justice," and to render their verdict in writing. These di-

rections were pursued in the present case as to summoning and empanneling the jury, the commissioner of highways being present and examining a witness, and the jury then rendered a verdict materially reducing the original assessment of damages. No notice was given to the relator of the time or place fixed by the summons for empanneling the jury, by the justice, or of any time when they would proceed to hear the parties or their evidence; nor was the relator present in person or by attorney at any proceeding after the first drawing of the twelve names by the town clerk, of which, as has been stated, he received the notice demanded by the statute. The defect in the proceedings alleged by the relator, is the want of such notice to him of the empanneling and the subsequent proceedings of the jury.

It will be observed that the statute does not in express terms require such notice; it makes no provision respecting it. The objection is therefore taken, upon general principles, that the spirit and intention of the act in directing the jury to hear the parties and their witnesses, requires that the parties should have notice of the proceeding, and that, independent of any thing in the statute, no proceeding affecting judicially the rights of another can be valid in his absence, without notice.

The provisions of the statute referred to contain a strong implication of the rule contended for by the relator; but aside from that, the rule has been clearly asserted in principle by this court. In *Bouton* v. *Neilson* (3 *John.* 474) the court admitted the soundness of the principle that a party could not be concluded by a judicial proceeding without notice and an opportunity to be heard, while denying its application to the issuing of a warrant by a magistrate, in a case where his action was wholly ministerial and not judicial. In *Rathbun* v. *Miller* (6 *id.* 281) an admeasurement of dower was set aside because the tenant had no notice of the application to the surrogate for commissioners, although the

statute did not provide for or require any such notice. In *The Commissioners of Kinderhook* v. *Claw,* (15 *id.* 537,) an appeal had been taken from an order of the relators altering a road, without giving them notice of the appeal. This court reversed the order of the judges upon the appeal, because such notice had not been given, although the act regulating such appeals did not prescribe a notice in such cases. Mr. Justice Van Ness, in giving the opinion of the court, says that in every proceeding of a judicial nature both parties are entitled to be heard, and notice to both is indispensably requisite. This latter authority is also in point as to the remedy by certiorari in such a case as this.

It was contended by the counsel for the defendant, that the empanneling and proceedings of the jury are part of a continuous proceeding, which commences with the notice of the application for a jury to reassess the damages, and continues to their final verdict, and that as the relator had the notice required by the statute, of the first step, he is to be presumed to have notice of all subsequent steps. It is manifest that if this reasoning be sound, the application of the wholesome principle of general jurisprudence which has been indicated would be of no avail in such a case. It would be of little or no advantage to a party to be notified when the panel of the jury was to be formed, if he was not to be informed when the matter was to be heard, that he might present his proof. In point of fact, however, this is not one continuous judicial proceeding. The action of the town clerk, of which the relator was notified, was merely the first step towards constituting the tribunal which was to pass upon his rights. If the relator had received notice of the time and place set by the justice for the empanneling of the jury, the case would have been slightly different. But as it is, he has had notice only of the proceeding to constitute a tribunal which was to determine a question affecting his property,

and no notice of the proceedings of that tribunal towards a judicial examination and determination of that question.

This is fatal to the proceedings brought before us by this writ, and they are reversed with costs.

