CHARLES COOPER, Commissioner of Highways, &c., Respondent, *v.* JAMES BEAN, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1871.)

In a highway commissioner's action to recover a penalty for obstructing a highway, where, as part of the evidence of a legal highway, posting of notices of a freeholders' meeting (1 R. S., 514, § 59) in three places is shown, and no objection made that they are not shown to have been posted for the required time, &c., it will be assumed that they have been sufficiently and legally posted.

Cooper v. Bean.

Nor will objection to a referee's finding " that the application and proceedings were in manner and form as prescribed by the statute, and that the commissioners properly laid out the highway," on the ground that the notices were not sufficiently posted, without a request for a specific finding, raise a question on appeal as to the sufficiency of the notice.

It seems the order of the highway commissioners to lay out the highway, introduced in evidence, without objection, to prove the existence of a highway, is *prima facie* evidence of the commissioner's jurisdiction.

Facts assumed upon the trial as existing will be regarded on appeal as admitted.

In an action for obstructing a highway, it seems the defendant, over whose land the way passes, may show failure to notify him to remove his fences, as required by section 96 (1 R. S., 520), in proof that the alleged highway does not legally exist.

An objection that an assessment for expense of the highway was not ascertained by agreement, and not assessed in manner prescribed by law, cannot be alleged as an objection to the legal existence of the highway.

THIS action was brought by the commissioner of highways of the town of Baldwin, in Chemung county, against the defendant, before a justice of the peace, for obstructing a highway. The defendant, upon plea of title, ousted the justice of jurisdiction. The plaintiff then brought the action in the Supreme Court. The defendant, in his answer, claimed to own the land in question, and he denied that "a public highway was duly laid out in said town of Baldwin, as stated in said complaint, or that such highway was ever duly opened or worked." The cause was referred to a referee to hear and determine. At the close of the plaintiff's testimony, the defendant moved for a dismissal of the complaint upon the ground that it had not been proved that there was a highway, by use or otherwise, at the place where the obstructions were placed. The motion was denied and the defendant excepted. Proof was subsequently given before the close of the testimony, showing the proceedings under which the alleged highway was laid out, and the referee found as facts that since the 12th day of May, 1865, the defendant has been in possession of a certain farm in the town of Baldwin, Chemung county, having a life estate therein with remander over to one Edward Bean ; that on the 20th day of June, 1868, a written applica-

tion was made to John T. Bunto, who was then sole commis-
sioner of highways of the said town, by several persons resid-
ing in said town and liable to be assessed for highway labor,
to open a highway in said town, which highway would run
through the said farm ; that thereafter such proceedings were
had in the form and manner prescribed by statute, that on
the 1st day of August, 1868, said commissioner, by an order
duly executed, laid out said highway pursuant to such appli-
cation, and incorporated in said order a survey of such high-
way ; that on the 3d day of August, 1868, upon the applicatior
of the said commissioner of highways, the County Court of
Chemung county appointed three commissioners to assess the
damages sustained by the laying out of such road, and that
said commissioners duly met and assessed such damages,
assessing the damages to defendant and to said Edmund Bean
in the sum of ten cents, the assessment being entered on their
list of assessments as follows : " James & Edmund Bean, ten
cents ;" that at the time of the commencement of this action
Charles Cooper, the plaintiff, was commissioner of highways
in said town ; that on the 5th day of June, 1869, the overseer
of highways, of the district in which said road was situated,
partly opened the same and did highway work thereon, and
on the 19th day of June, 1869, the road was opened through,
so that a team passed over it the next day going to church ;
that on the 20th day of June, 1869, the defendant placed
obstructions in said highway by felling trees across it.   On
the next day the overseer of highways removed the obstruc-
tions, but before night the road was closed by some one, and has
remained closed ever since.   As a conclusion of law, the refe-
ree found that the highway in question was legally laid out
and opened, and that the defendant has become liable under
the statute to a penalty of five dollars for obstructing the same,
and that the plaintiff was entitled to recover that amount
besides costs.   Exceptions were taken by the defendant to
the referee's report, which are referred to in the opinion.
Judgment was entered upon the report in favor of the plain-
tiff, and the defendant appealed.

Cooper v. Bean.

*J. R. Ward*, for the appellant.

*E. Bean*, for the respondent.

Present—MILLER, P. J., JAMES and PARKER, JJ.

By the Court—MILLER, P. J.   The objections urged by the counsel for the defendant to the plaintiff's right to maintain this action relate almost entirely to the question whether a highway actually existed at the time of the alleged encroachment by the defendant.   It is said that there was no highway by dedication or use, nor was any lawfully laid out as required by the Revised Statutes.

The evidence as to use and dedication of a highway was certainly very slight.   The proof shows that on the 5th of June, 1869, the road was opened by the overseer by cutting down trees and brush and the removal of a brush fence.   A pair of bars were put temporarily where the brush fence had been.   The next day the defendant obstructed the road by drawing brush and saplings across it.   On the twelfth of June they were removed by order of the commissioner.   On the nineteenth of June they were again on the road and removed.   On the next day two teams passed over the road and the road was open, and there were wagon tracks there. There was no other testimony as to the use of the road, and such as was given amounts to merely a history of a struggle between the commissioner and the defendant as to the opening of the road, with no sufficient evidence of its use or dedication to entitle the plaintiff to maintain his action on that ground alone.   The plaintiff's right to recover must, therefore, depend upon the question whether the highway was lawfully laid out in accordance with the provisions of the statute.   It is said that there was not sufficient notice given of the meeting of the freeholders, as required by law, inasmuch as the notices were not posted at three of the most public places of the town, at least six days before the meeting of the freeholders.   (1 R. S., § 59, p. 51.)   This point was not distinctly made upon the trial.   The finding of the referee is,

generally, that the application and proceedings were in manner and form as prescribed by the statute, and that the commissioner properly laid out the highway. Although the defendant excepts to the finding alleged to be contained in the general finding as to the notices, and to the conclusion of law that the highway was legally laid out and opened, and assumes that the referee ruled that such was the case notwithstanding notices were not posted as required by law; yet as no request was made to find specially on the subject, the point taken is not available except under the general exception to the finding that the highway was not lawfully laid out. As to this, the evidence shows that notices were posted in three places, and as all presumptions are in favor of the judgment, and the question was not specially made upon the trial, I am inclined to think that the point is not well taken. For anything that appears, there may have been sufficient evidence before the referee as to the posting of the notices in due season and as required by law.

The want of direct proof on the subject may have been waived by the act or neglect of the parties, or perhaps it may have been assumed as a fact that the notices were lawfully posted, so as to bind the parties and to justify the finding of the referee. The rule is well settled that where certain facts are assumed as existing on the trial of a case, they will be considered as admitted and will be regarded on appeal as beyond the reach of any question not raised upon the trial. (*McDonald* v. *Christie*, 42 Barb., 36, 39; *Paige* v. *Fazackerly*, 36 Barb., 392.) If the plaintiff failed to make out all the proof which was required, it was the duty of the defendant to point out the defect, so that it might be supplied. (*Booth* v. *Bunce*, 31 N. Y., 250, 251.)

There is another answer, I think, to this objection, and that is, that no objections being made to the order on its face and to its recitals, it is *prima facie* evidence of jurisdiction, although not conclusive and open to contradiction. (*Potter* v. *Merchants' Bank*, 28 N. Y., 641, 652; *The People* v. *Commissioners of Seward*, 27 Barb., 94, 97.)

Cooper v. Bean.

It is also insisted that no notice to remove the fences was given, as required by the statute (1 R. S., 520, § 96), and therefore the commissioner could not lawfully order the road opened. This point was not made on the trial, and no ruling or decision was made by the referee in regard to it. The cause must have been tried upon the assumption that the statute had been complied with in this respect, or that it was not material, and the remarks already submitted as to the effect of assuming certain facts to exist upon a trial are applicable to this branch of the case and to the question now discussed. Had the point been distinctly raised, it would have been a fatal objection to the plaintiff's recovery; but as the defendant failed to call the attention of the referee to it upon the trial, he cannot urge it upon this appeal.

It is also urged, that the defendant's damages have not been ascertained by agreement, and have not been assessed in the manner prescribed by law. (1 R. S., 515, § 64.) In the report of the commissioners, the assessment is to "James and Edmund Bean, ten cents." The proof shows that the defendant had a life estate, and Edmund Bean the remainder, and that Edmund Bean appealed from the assessment of damages, and was allowed $100. There was also some evidence that they occupied the farm jointly. If intended as a joint assessment, then it was clearly in proper form. If designed as a separate assessment for each one, it is by no means certain that it is not valid by adopting the well-settled rule, to give such a construction to the report as will give effect to it, instead of one that will render it nugatory. But, whether the assessment was joint or several, or the proceedings were erroneous and irregular in this respect, I think that the defendant's remedy was by appeal or by a certiorari. (*People* v. *Lewis*, 26 How., 378; *People* v. *Tallman*, 36 Barb., 222; Laws of 1847, chap. 455; Thompson on Highways, 198, 205.)

There was no error on the trial; and the judgment of the referee must be affirmed, with costs.

Judgment affirmed.