FIRST NATIONAL BANK OF NEW BERLIN V. CHURCH *et al.*, appellants.

*Promissory notes — indorsement — extending time of payment without knowledge of indorser — Practice — waiver of objections — Demand and protest — manner and time of — Statute construction.*

In an action upon a promissory note against the indorsers, *held,* that an agreement with the maker to extend the time of payment, made without consideration, was void, and did not release the indorsers.

Defendants, in their answer, in relation to an allegation in the complaint, stated that they had "no knowledge or information in regard thereto." *Held,* that the form of answer was objectionable, but not having been objected to before or at the trial, the informality was waived.

Upon the appeal, it was claimed, that the notice of the protest served was insufficient to charge the indorsers, being informal in this, that there was no proof that the note was protested on the day it fell due, and also, that other proof than the notary's certificate was required to establish due protest, an affidavit of non-reception of notice under Laws 1833, chap. 271, having been served with the answer. *Held,* that the objections not having been raised at the trial were waived, and could not be urged on appeal.

The notary's certificate stated that he gave notice to the indorsers by depositing post-paid notices "in the letter-box, at the post-office," etc. *Held,* that deposit "in the letter-box at the post-office" was a compliance with the statute. Laws 1857, chap. 416, § 3.

The note, by its terms, fell due on July 5, 1869, which was Monday. *Held,* that under Laws 1865, chap. 146, then in force, the note became due and payable Saturday, July 3, and not Tuesday, July 6.

APPEAL from a judgment entered upon the report of a referee.

The action was brought against the defendants, Cornelius A. Church, Otis B. Matterson and James A. Lynes, as indorsers of a promissory note for $2,000, at ninety days, and dated April 3, 1869. The defendants, by their answers, admitted the making and indorsing of the note, but denied its due protest; set up payment in part, and an extension of the time of payment, without their consent, and claimed that they were consequently discharged from liability.

On the trial before the referee the plaintiff's due organization was admitted, as was also the making and indorsing of the note; and the note, with the certificate of protest attached, was read in evidence without objection. The amount remaining unpaid was also admitted.

The question litigated before the referee was, whether the time of payment had been extended without the defendants' consent. On this question considerable evidence was submitted by both parties; and after full hearing the referee found against the defendants.

Exceptions to the findings of the referee were duly filed; and from the judgment directed by him the defendants appealed. Such other facts as are necessary to the consideration of the case are given in the opinion.

*J. E. Dewey,* for appellants.

*Jenks & Matterson,* for respondent.

BOCKES, J. Had the defendants established the fact by competent evidence, that the time of payment of the note had been extended by a valid agreement between the plaintiff and the maker, or between the plaintiff and the first indorser, of course the defendants, who were subsequent indorsers, would have been discharged from liability thereon. *Cary* v. *White,* 52 N. Y. 138; *Parmelee* v. *Thompson,* 45 id. 58. On the evidence, however, the referee found against the defendants. He found that there was no valid agreement for the extension of payment of the note; and in this he was unquestionably right. The alleged agreement was without valid consideration to uphold it. Even if the agreement embraced the note in suit, the only consideration for it was the discontinuance

of suits on other notes, with a promise to. make speedy payments in small sums for the future upon their existing indebtedness. Thus the alleged agreement was void for want of consideration. *Parmelee* v. *Thompson, supra.* Therefore, on the point principally litigated before the referee, the defense failed; and with a view to present the remaining points more distinctly, this defense, with all the evidence bearing on it, may be regarded as expunged from the case. In this view the trial was a short one. The plaintiff's organization was admitted; also the making and indorsing of the note were admitted, and the note, with the notary's certificate of protest attached, was read in evidence. It was further admitted that the sum of $1,802.00 remained unpaid and due on the note that day — the day of the trial. Thereupon the plaintiff rested the case. There was no motion for a nonsuit; no objection to evidence was interposed; nor was its insufficiency as a ground of action suggested. Under this form of trial the case was submitted to the referee for decision. After his decision was made the defendants filed exceptions to his findings, whereby he found and decided that the note was duly protested; and on the settlement of the case and · exceptions he was requested to find, and did further find, that the note fell due by its terms Monday, July 5th, and that it was protested for non-payment on Saturday, July 3d. But no objection whatever was interposed on the trial — at least none appeared in the case.

It is now urged on the appeal, that the note was not duly protested — hence, that the defendants were, and are, discharged from liability as indorsers. It is insisted that, to charge them as indorsers, it should have been protested on Tuesday; whereas, the proof shows it to have been protested on Saturday preceding; also, it is claimed that the notice of non-payment served on them, as certified by the notary, was insufficient.

The first answer offered by the plaintiff's counsel to these alleged grounds of error is, that the defendants, Church and Matterson, have not, by their answer, denied the averment in the complaint, that the note was duly protested — hence, that this averment stands admitted of record; and, consequently, that all proof on this subject was unnecessary and immaterial.

The denial is that they have "no knowledge or information" in regard thereto. Undoubtedly, this form of answer is objectionable. They should have denied "any knowledge or information thereof sufficient to form a belief." But the answer was accepted without

objection; nor was any question raised as to its sufficiency on the trial, when a motion to amend could have been made. So, no objection having been raised to the sufficiency of the answer, either on the trial or prior thereto, this informality must be deemed to have been waived.

The answer of Lynes, the other defendant, is not open to the criticism urged against the answer of his co-defendants.

It is next insisted by the plaintiff's counsel, that the alleged informality in the notice of protest, certified to have been served on the defendants, and the alleged insufficiency of proof to charge them as indorsers, to wit: that there was no proof that the note was protested on the day it fell due, conceding such informality and insufficiency to exist, cannot now be urged on appeal; because objections on those grounds were not urged before the referee.

We are of the opinion that this position of the plaintiff's counsel is well taken. It has long been the settled rule that an objection not raised or suggested on the trial cannot be urged on appeal, if by possibility it could have been then obviated. The language of the courts is that a party has no right to rest upon the supposition that he can urge points upon appeal, not taken on the trial. This rule too is applicable to cases of insufficiency or defects of proof, as well as to those of mere informality, in the presentation of it. The following cases have application here, and many of them are directly in point: *Merrill* v. *Seaman*, 6 Barb. 330 ; *Williams* v. *Larkin*, 3 Denio, 114; *Shotwell* v. *Mali*, 38 Barb. 469 ; *Cheney* v. *Beal*, 47 id. 523 ; *McDonald* v. *Christie*, 42 id. 36; *Lefler* v. *Field*, 50 id. 407 ; *Cooper* v. *Bean*, 5 Lans. 318 ; *Booth* v. *Bunce*, 31 N. Y. 251 ; *Binsse* v. *Wood*, 37 id. 526 ; *Wolfe* v. *Security Fire Ins. Co.*, 39 id. 49 ; *Weed* v. *Odell*, 49 id. 583 ; *Fort Stanwix Bank* v. *Leggett*, 51 id. 552, on page 555. Here the note with the certificate of protest was permitted to be read in evidence against the defendants, without any suggestion of informality, or objection on the ground of insufficiency of proof to charge them as indorsers. In one of the cases cited it was said that if the plaintiff failed to make all the proof he was bound to make to entitle him to recover, it was the duty of the defendant to point out the defect, so that it might be supplied. Now in this case under examination, if the objections to the due protestation of the note had been raised at the trial, *non constat* that other or further proof would have been furnished which would have obviated them. As was said in *Shelldon* v. *Benham*, 4 Hill, 132, if objection had been taken to the day (that is, that protest was not made on the right day), it might be that the

plaintiff would have avoided the difficulty by giving further evidence. These considerations cover as well the alleged informality in the notice of non-payment, as also the supposed want of proof of protest on the proper day, and also the further objection, now first urged, that other proof than the notarial certificate was required to establish due protest, inasmuch as service of an affidavit of non-reception of notice was made with the answer. Laws 1833, chap. 271, § 8. Other proof than the certificate was not required, in the absence of all objection to its sufficiency. See cases on the point of waiver above cited. These several objections must be deemed to have been waived, not having been raised on the trial before the referee, and being such as might have been then obviated by further or other proof. They cannot be now urged on appeal.

But we are of the opinion that due protest of the note was well established. The certificate of the notary was good in form and substance. It showed a demand of payment at the proper place; non-payment by the maker, and immediate notice thereof through the mail to the indorsers. A notice, as appears from the notarial certificate, was well directed to the indorsers, respectively, at their residence; and such notice to them was well served by depositing the same in the post-office, postage paid. *Ketchum* v. *Barber*, 4 Hill, 224; *Seneca Co. Bank* v. *Neass*, 5 Denio, 329, 334, 335. The certificate stated that the notices were deposited *in the letter box in the post-office*. This was right. The letter box in the post-office was the proper place to deposit them, with a view to their proper and safe delivery.

The remaining question is, whether the note became due or payable on Saturday, July 3d, or on Tuesday, July 6th. By its terms it fell due on Monday, the 5th; but Monday was a holiday by law, inasmuch as the preceding Sunday was the 4th day of July. This case is controlled by the act of 1865 (Laws 1865, chap. 146), which declared the law applicable to the protesting of notes which fell due on holidays in the year 1869.

This act declared certain days, holidays or non-business days, to wit : the 4th of July, the 25th of December, the 1st of January and the 22d of February. It further provided that, when either of those days should occur on Sunday, the next ensuing day thereafter should be treated and considered as Sunday, for all purposes necessary to the protesting of bills of exchange, bank checks and promissory notes thereafter made; and further, that any bill of exchange, bank check or promissory note thereafter made, which, but for that

act, would fall due on any of the days therein mentioned, should, *when said days fall on Sunday,* become due and payable on Tuesday next succeeding such days.

Now, by the law merchant, a promissory note, having days of grace, and falling due by its terms on Sunday, became due and payable on Saturday preceding; and the same was true of like notes falling due on Monday, when that was a non-business day.

The act of 1865 changed this rule, as to such bills of exchange, bank checks and promissory notes as should by their terms become due and payable on *Sunday,* when such Sunday was also one of the holidays therein specified, to wit: July 4th, December 25th, January 1st, or February 22d. Such paper was made due and payable by that act on the following Tuesday. But this left the law merchant to prevail in all other cases; consequently the note in suit, which by its terms fell due on Monday, became, by the law merchant, due and payable on Saturday, inasmuch as Monday was by law declared a holiday.

The effect of this act was to make certain paper, falling due according to its terms on Sunday, payable on the ensuing Tuesday; leaving paper falling due by its terms on the following Monday, payable as before, on the preceding Saturday. The reason for this discrimination is not obvious. Why payment of a note falling due by its terms on Sunday should be postponed to the ensuing Tuesday, while the payment of a note falling due by its terms the next day, Monday, being a Sunday in law also, should be payable three days earlier, seems certainly without reason or propriety. Yet, such is the necessary reading and effect of the act of 1865. No other construction can be given it without doing violence to its language; and it was competent for the legislature to modify or change the common law, much or little in its discretion. It was doubtless the incongruity here suggested which led to the amendment of the law in 1870. (Laws 1870, chap. 370.) By the act of 1870, the discrimination and consequent absurdity of the law of 1865 was abrogated and removed. Other alterations of the law on this subject have been made, which, however, it is unnecessary here to consider.

Our conclusion is, that the note in suit was well protested on Saturday, July 3, 1869, under the law of 1865, then in force; and finding no error in the record, the judgment must be affirmed.

MILLER, P. J., and BOARDMAN, J., concurred.

*Judgment affirmed.*