READY vs. SOMMER and wife.

PLEADING. (1) *Motion to make definite and certain not made, party cannot object at trial to evidence under indefinite defense.*

EXTENSION OF PAYMENT. (2) *Prepayment of interest good consideration for. Agreement construed. " For " construed as " from."*

1. In a foreclosure suit the answer alleged that on a specified day, a short time before the note and mortgage would have become due by their terms, plaintiff, " for a valuable consideration, duly extended the time of payment of said note and mortgage," until another specified day, which was subsequent to the commencement of the suit. *Held*, that plaintiff would have been entitled, on motion, to have the answer made more definite and certain; but, not having made such a motion, he could not object to evidence of the extension as alleged.

2. The mortgage in suit was due by its terms May 6, 1873. The evidence of an extension offered by defendant was a writing signed by plaintiff, dated April 18, 1873, acknowledging the receipt of $200 paid by defendant, " the same being interest on $1,000 which falls due on or about April 25, 1873, and interest on $1,000 which falls due on or about May 5, 1873, being $100 interest on each said $1,000." The instrument then continues: "Further, for and in consideration of the promise and agreement on the part of said *Henry R. Sommer* [the mortgagor] to pay the principal and what interest may then be due on each of said $1,000, payment without delay and without causing me any expense or trouble, at the time hereinafter mentioned, I have and hereby extend the time for the payment of said $2,000 until one year from April 21, 1873, and *for* said May 5, 1873, $1,000 payments each." *Held*,

(1) That the prepayment of the interest due in 1873 was a sufficient consideration for the extension of the mortgages.

(2) That such prepayment perhaps sufficiently appears in the paper itself as a consideration for the extension; but if otherwise, parol evidence should have been admitted to prove such consideration.

(3) The receipt being for interest on $1,000 due on or about May 5, 1873, and no such sum appearing to be due from defendant to plaintiff at about that time, except the $1,000 for which the note and mortgage in suit were given, the presumption is that the payment was on those instruments; and if that fact was doubtful, parol evidence thereof was admissible.

(4) Notwithstanding the misuse of the word " for," before the date

May 5, 1873, in the written agreement, it must be construed as an agreement to extend payment of the note and mortgage until a year *from* the date so named.

APPEAL from the Circuit Court for *Manitowoc* County.

Action for foreclosure of a mortgage, alleged to have become due May 6, 1873. The answer alleges that on the 18th of April, 1873, the plaintiff for a valuable consideration duly extended the time of payment of the note and mortgage until May 5, 1874, and that the action was commenced April 29, 1874. On the trial the defendant offered in evidence a receipt signed by the plaintiff, as follows: "Received this 18th day of April, 1873, of H. R. Sommer, Esq., of Manitowoc, Wisconsin, the sum of two hundred dollars interest money, the same being interest on one thousand dollars which falls due on or about April 25, 1873, and interest on one thousand dollars which falls due on or about May 5, 1873, being one hundred dollars interest on each said thousand dollars. Further for and in consideration of the promise and agreement on the part of said Henry R. Sommer to pay the principal and what interest may then be due on each of said thousand dollars, payment without delay and without causing me any expense and trouble at the time hereinafter mentioned, I have and hereby extend the time for the payment of said two thousand dollars until one year from April 21, 1873, and for said May 5, 1873, one thousand dollar payments each." This was read under objection. The court found, that the agreement offered in evidence is not binding for the reason that no consideration is expressed therein, and that it does not in terms extend the time of payment beyond the time in which this action was commenced, and ordered judgment of foreclosure, from which the defendants appealed.

*H. G.* and *W. J. Turner*, for appellants, to the point, that an agreement, made upon valuable consideration to extend day of payment, is a good defense to action brought before time of extension has expired, cited Moak's Van Santv. Pl., 692; *Pearl*

*v. Wells*, 6 Wend., 291 ; *Fleming v. Gilbert*, 3 Johns., 528.   The payment of interest in advance is a sufficient consideration for extension of the time of payment.   *Wakefield Bank v. Truesdell*, 55 Barb., 602.   If the last clause of the receipt does not express a consideration, the first clause does.   If one of several considerations is good and the rest frivolous, but not illegal, that which is valid will sustain the promise.   *Arms v. Ashley*, 4 Pick., 71 ; 1 Pars. on Cont., 5 ed., 455.

*J. D. Markham*, for respondent, insisted that the answer set up no facts constituting a defense, and only alleged a conclusion of law, and did not show the nature of the defense.   The agreement to extend time of payment was void.   *Kellogg v. Olmsted*, 25 N. Y., 189 ; *S. C.*, 28 Barb., 96 ; *Parmelee v. Thompson*, 45 N. Y., 58 ; *Marcellus v. Countryman*, 65 Barb., 201.   The only consideration claimed is the payment of interest, and as to that the written agreement cannot be varied by parol testimony.   *Schermerhorn v. Vanderheyden*, 1 Johns., 139.

RYAN, C. J.   The court below should perhaps, on the motion of the respondent, have required the appellants to make their answer more definite and certain.   But the respondent, not having made such a motion, could not properly object on trial to evidence establishing the extension of the time of payment pleaded in the answer.

The mortgage in suit matured May 6, 1873.   In the month previous, nothing being yet due for principal or interest, the appellant paid the interest on this and another mortgage, the respondent giving a written receipt extending the time for payment of both mortgages.   The prepayment is a sufficient consideration for the extension, under all the authorities; and we think that we ought to hold that the payment sufficiently appears in the paper as a consideration to support the agreement to extend.   The payment and the extension are parts of one transaction, evidenced by one paper; the payment benefiting the one party, and the extension the other.   We cannot help

thinking that any person of ordinary intelligence, in the language of the books, would understand the payment to be a consideration of the extension, although *ex abundanti cautela* another consideration is formally stated. But the two are so coupled by the word, *further*, that the formal consideration does not exclude the payment as a consideration. And so the agreement does not fall within the rule in *Kellogg v. Olmsted*, 25 N. Y., 189 ; *Parmelee v. Thompson*, 45 id., 58, and that class of cases, if we should feel bound to follow that rule in this state.

Were this otherwise, the parol evidence offered should have been admitted to prove the consideration. *Frey v. Vanderhoof*, 15 Wis., 397 ; *Ballston Spa Bank v. Marine Bank*, 16 id., 120.

The receipt is for the interest on $1,000 due on or about April 21, 1873, and $1,000 due on or about May 5, 1873. No other such sum appearing to be payable by the appellant to the respondent about the latter day, the presumption is that the payment is on the mortgage in suit. If that were in doubt, parol evidence was clearly admissible to show it. And the agreement is to extend the time for the payment of the $2,000 until one year from April 21, 1873, and *for* May 5, 1873, $1,000 payment each.

It is of course impossible not to understand that the word, for, is applied to the latter date in the same sense as the word, from, to the former date. And the meaning is very plain, notwithstanding the apparent misuse of the word, for. . We think that we would be abundantly justified by authority in reading *from* instead of *for*, if it were necessary. See *Winterfield v. Stauss*, 24 Wis., 394, and *Att'y Gen'l v. West Wis. R. R. Co.*, 36 id., 466, and the cases there cited. But we think the word, for, of itself, sufficiently explicit to give effect to the agreement. The very learned author of Wedgewood's Dict. Eng. Etym., states that the radical meaning of for is *in front of ;* and applying it to time, adds that " the event of the present moment is before or in front of the train of futurity." Dr.

Webster gives as a correct, popular meaning, *in place of.* Either gives full expression to the extension of a year from the date of maturity. *Benignior sententia in verbis dubiis est præferenda.* And this construction permits the manifest agreement of the parties to prevail, as it ought.

The foreclosure appears to have been commenced in April, 1874; and, in view of the extension, was of course premature.

*By the Court.*— The judgment of the court below is reversed, and the cause remanded with directions to dismiss the complaint.