DETERMINED IN THE

# THIRD DEPARTMENT

AT

# GENERAL TERM,

## September, 1888.

--- ---

THE PEOPLE OF THE STATE OF NEW YORK ex rel,
CHARLES LENTZ. and Others *v.* SOLOMON GRAY,
Highway Commissioner, and Others, Respondents.

*Reassessment of damages in proceedings for the laying out of a highway — notice
must be given to the parties interested — 1847, chap. 455, sec. 6.*

In the reassessing of damages in proceedings for the laying out of highways, insti-
tuted under the provisions of chapter 455 of 1847, notice must be given to
the parties in interest of the hearing before the jury, although the statutes does
not expressly provide therefor.

*People ex rel. Stephens* v. *Tallman* (36 Barb., 222) followed.

*Quære,* as to whether the court has power to make an order authorizing the calling
of a new jury.

CERTIORARI to review the proceedings taken by the above-named
defendants and respondents, or either of them, in the reassessing of
damages occasioned by the laying out of a new highway across and
through the lands of the above-named relators, in the town of
Ephratah, Fulton county.

The relators claimed that no notice was given to them of the time
of impanneling the jury drawn, or of the time and place of the hear-
ing before the jury.

*Philip Keck,* for the relators.

*R. P. Anibal,* for the respondents.

Hun — Vol. XLIX    59

BY THE COURT:

Chapter 455, Laws 1847, and amendments, show the manner of assessing damages in these cases. After the jury has been drawn, then by section 6 they are to hear the parties and such witnesses as may be offered by the parties and sworn by said justice before them. Although nothing is said expressly about notice to the parties, such notice is necessary on sound and settled principles. Without due notice the proceedings cannot stand.

This is the decision in *People ex rel. Stephens* v. *Tallman* (36 Barb., 222), and we think that decision correct. The respondents ask for an order authorizing the calling of a new jury. We do not feel certain that we have that power. Whether the proceedings have entirely failed or not, we will not now determine.

It is enough for the present that we reverse the proceedings, with fifty dollars costs and disbursements against the highway commissioner.

LANDON and INGALLS, JJ., concurred.

Proceedings reversed, with fifty dollars costs and disbursements against commissioner.