The opinion of the court was delivered by
McEnery, J.
The accused was indicted for murder and convicted of manslaughter. He appealed. -
The following bill was reserved by accused to the ruling of the trial judge:
*1525 “Be it remembered that on the trial of this case, that it having been testified to, the accused and deceased had a quarrel at Wm. Stone’s, who stopped it.
“ That the deceased and the accused afterward, in going along the road, accused asked where Albert Hamilton, the deceased, was. He replied, ‘ Here I am.’ Accused said, ‘ Clear the track,’ and fired at deceased. That deceased got in some bushes, and the accused behind a tree. The deceased then said to accused, ‘ Why don’t you come out square or fair like a man.’ The accused said, ‘ All right, then you come out of the bushes.’ So they both came out in the road and came toward each other, the accused still holding his pistol in his hand.
“ The deceased said, ‘ I want to know what you have got against me.’ The accused said, ‘ You got a bottle of whiskey from Mr. John Delee on my account when you had no right to.’ The deceased said, ‘ I did not do it.’ The accused said, ‘ If you will go with me to Mr. Delee’s in the morning I will prove it on you.’ The accused testified that he said, ‘Let us go to Mr. Delee’s in the morning and settle it peaceably.’ The deceased said, ‘ No, you damned son of a bitch, we might as well, or had better, settle it now,’ and put his hand to his hip pocket and tried to draw his pistol, when accused, having his pistol in his hand, shot him, from the effects of which he shortly afterward died. No witness said that deceased drew his pistol before he was shot.”
The above testimony is given principally by the accused himself. In view of the above testimony accused requested the court to charge the jury, “That if the jury are satisfied from the evidence that the accused withdrew in good faith from the first conflict and sought to adjust the quarrel amicably and peaceably, and if they believe from the evidence that the deceased made a hostile demonstration to kill him or do him some great bodily harm, that the right of self-defence revived in favor of the accused, and that to protect himself from death or serious bodily harm he was justified in killing the deceased.”
The court refused to give the above charge specially to the jury, for the reasons that the requested charge was too restrictive, and was calculated to confuse and mislead the jury, and that he had already charged on this point, so far as applicable to this case.
*1526 In the general charge the judge gave the following as applicable to the facts: “But if the assaulted party is in fault he is bound to retreat as far as he can safely do so. He is required to decline the combat in good faith, and if he uses all the means in his power to escape, even killing in self-defence is lawful.
“ But if a man seeks to bring on a difficulty and slays his adversary, he can not avail himself of the plea of self-defence.”
In the case of State vs. Thompson, 45 An. 970, relied upon by defendant, the trial judge refused to charge the jury as to the law applicable to the facts as recited in the bill.
Analyzing the charge of the trial judge and the charge requested, they are practically the same, the latter only differing from the former in more specifically directing the jury’s attention to good faith in defendant’s withdrawing from the first conflict, and his belief in the imminent peril in which his life was placed, or to the great bodily harm which menaced him.
The trial judge correctly gave the law to the jury on the good faith required from defendant in withdrawing from the conflict, and the law of self-defence when the assaulted party is in fanlt, and the means he must employ to avoid the homicide, and the law applicable to the facts, when a person brings on a difficulty and slays his adversary. These several statements of the law in the general charge, we think, were applicable to the facts as disclosed in the bill.
If the defendant acts from the fear of death and great bodily harm and kills another, he must be free from fault in bringing on the difficulty. Law of Homicide, Kerr, 201.
In cases of mutual combat both parties are the aggressors, and if one is killed it will be manslaughter at least, unless the survivor can prove that before the mortal stroke was given he had refused any further combat and retreated as far as he could with safety, and that he killed his adversary from necessity to avoid his own destruction or great bodily harm to him. Law of Homicide, Kerr, 203; The People vs. Sullivan, 8 N. Y. 396; Hodges vs. State, 15 Ga. 117; Stewart vs. State, 1 Ohio, 66; State vs. Clements, 32 Maine, 279; Shorter vs. the People, 2 N. Y. 193; State vs. Wells, Coxe, N. J. 424; Dill vs. State, 25 Ala. N. S. 15; The State vs. Yarbrough, 1 Hawks, 78; Selfridge Case; Horrigan and T. Case of Self-Defence, 3; State vs. Chandler, 5 An. 489.
The facts recited in the bill show that the accused brought on the *1527 first difficulty, and what transpired followed so soon after the assault of accused upon deceased that practically it was one entire transaction. The invitation of deceased to accused to come into the road and fight out the difficulty, when he was in hiding to protect himself from the assaults of the deceased, was a continuation of the conflict. Accused’s acceptance of this invitation, at best, could be but a change to mutual combat. The facts stated in the bill show that the accused offered to go the next morning and prove the charge he made against the accused, and to settle the difficulty amicably. On the facts stated in the bill, the charge that the defendant was “required to decline the combat in good faith, and if he uses all the means in his power to escape, even killing in self-defence is lawful,” we think sufficiently applied to the facts recited. *
The right of self-defence is a natural instinctive right in every human being and rests upon apparent reasonable necessity to preserve one’s person from violence. If there be such an actual physical attack as to afford reasonable grounds to believe that the design is to destroy life or do great bodily injury upon the person assaulted, thfe killing in such case will be justifiable homicide in self-defence. But the accused must be without fault in having provoked the difficulty by an assault upon the deceased. What is sufficient justification to commit the homicide depends always upon the particular facts in the case and the surroundings of the parties.
We are of the opinion that the general charge embraces the law applicable to the facts in this case, and under it the jury could find, if the facts justified it, an application of the law to the theory of the defence as stated in the bill: first, that the defendant quit the combat in good faith and sought to adjust the difficulty; that the deceased made a hostile demonstration against the accused, that the right of self-defence revived in his favor and that he killed the deceased from necessity to avoid his own destruction.
The other objection to the charge, that that part of it referring to the reasonable doubt was misleading, is without merit, as the charge on this part is full and almost identical with the language in the textbooks.
The motion for a new trial urges nothing which was not before the jury and passed upon by them.
When the trial judge states in his charge to the jury principles of law applicable to the facts in the pase, we are not disposed to find *1528 fault with his rejection of a special charge requested by defendant, which more specifically directs the attention of the jury to the application of the law to particular facts.
Judgment affirmed.