to find even the slightest evidence of a waiver of the objection or exception we have considered.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

BARRETT, RUMSEY, and WILLIAMS, JJ., concur.  VAN BRUNT, P. J., concurs in result.

---

SHIPMAN et al. v. KELLEY.

(Supreme Court, Trial Term, Erie County.  January, 1896.)

PAYMENT—ACCEPTANCE OF NOTE—EXTENSION OF TIME.

A note given for a pre-existing debt raises a presumption that it was given and accepted pursuant to an agreement that the payment of the debt should be postponed until the maturity of the note.

Action by Chauncey N. Shipman & Co. against Thomas Kelley. Complaint dismissed.

A jury trial was by the parties waived, and the issues joined were, upon an agreed state of facts, submitted to the court for decision. The liability of the defendant is sought to be sustained upon the terms contained in the following written instrument:

"For a valuable consideration I hereby guaranty to C. N. Shipman & Co. the payment for all bills for coal shipped to said Harwood & Irish at Skaneateles, N. Y., by C. N. Shipman & Co., to the amount of fifteen hundred dollars per month. The understanding between all the parties is that at no time shall there be standing more than three months' shipment of coal.

"[Signed]                                                T. Kelley."

Between April 13, and May 15, 1894, the plaintiffs sold to Harwood & Irish coal of the agreed value of $970.74, being for a monthly balance, and this was the last dealing had between the parties. June 23, 1894, several notes were given, representing this amount, by Harwood & Irish, and accepted by the plaintiffs, payable at different times. Sufficient had been paid on said notes, September 1, 1894, to reduce the aggregate amount thereof to the sum of $760.43, which was secured by a note due November 8, 1894, and which, when due, was reduced, by payment, to $500. At this time two notes, of $250 each, were given, one due in 20, and the other in 30, days. The first note was reduced by payment, and two notes given for a balance, which were finally discharged, by payment in full, January 8, 1895. The second note became due December 10, 1894, and on that day $50 was paid thereon, and a note for $200 given, due January 14, 1895. On the last-named date said note was taken up, and a new note for like amount given, due in one month. After the last note became due, and on the 25th of February, 1895, the plaintiffs drew a draft on Harwood & Irish for the balance due, and represented by the note of $200 and interest, at three days' sight, which was accepted by Harwood & Irish February 27, 1895, but was not paid. The defendant had no knowledge of any of the notes. No money was paid to defendant for his guaranty, and the plaintiffs were not compensated in money for granting any extension of the time of payment of the original debt or any of the notes. This action is brought against the defendant to recover the balance of $200 of the indebtedness for coal sold and delivered to Harwood & Irish upon the guaranty quoted.

Wood & Gibbons, for plaintiffs.
F. E. Stone, for defendant.

LAMBERT, J. The defendant is a surety, and the limit of his liability must be ascertained from the terms of the written undertaking. He assumed a burden without sharing in the benefits of the subject of the contract, and therefore had the right to prescribe the exact terms upon which he entered into the obligation,—to limit his liability either as to time, amount, or parties,—and, having done this, he has a right to insist on his discharge from legal liability in case the terms imposed have not been observed. The meaning of the language used in the contract of guaranty is both clear and ascertained, and the defendant is entitled to the application of a strict rule of construction. His liability depends upon whether or not the plaintiffs have, without his assent, done anything, either directly or by necessary implication, which may be said to have varied the terms of the principal contract for which he stood sponsor. If the plaintiffs have so far departed from the terms of the original agreement by giving terms of credit not contemplated by the terms of the contract, then the defendant, even though he may have sustained no injury thereby, will be relieved from liability. By the terms of the undertaking, the defendant guarantied the payment of all bills for coal, to the amount of $1,500 per month. The shipment of coal, the rendering of a bill therefor, and the nonpayment thereof. by Harwood & Irish, subjected the defendant to an action for the recovery of the purchase price of the coal, provided the term of credit did not extend beyond the period of three months.

By the terms of this condition we are brought to the only question urged by the defendant in exoneration of liability: Did the taking of the debtors' notes for the bill rendered for coal, and the renewals thereof, for balances remaining unpaid, from time to time, without the consent of the surety, discharge him from liability? If the giving of these notes, from time to time, suspended the plaintiffs' right of action against Harwood & Irish for any given period, that would be such a departure from the terms of the defendant's undertaking as would discharge him from liability. Dorlon v. Christie, 39 Barb. 610; Railroad Co. v. Burkhard, 36 Hun, 57; Place v. McIlvain, 38 N. Y. 96; Parmelee v. Thompson, 45 N. Y. 58; Hubbard v. Gurney, 64 N. Y. 458; Bank v. Hunsiker, 72 N. Y. 252; Iron Co. v. Walker, 76 N. Y. 521; Van Giessen v. Bridgford, 83 N. Y. 348; Bank v. Phelps, 86 N. Y. 484.

Many of the cases cited hold that the giving and acceptance of the debtor's note, due in the future, have the legal effect to extend the term of credit of the original indebtedness, and bar a right of action thereon during such period; while the cases of Parmelee v. Thompson, supra, and Graham v. Negus, 55 Hun, 440, 8 N. Y. Supp. 679, decide that the mere acceptance of a note of the debtor, representing a pre-existing debt, in the absence of an express agreement that the same be taken in extinguishment of the original debt, or any new consideration for the acceptance of the note, does not operate as an extension of the term of payment so as to bar a right of action thereon. Undoubtedly, the rule that the taking of the note for a pre-existing debt, or as a substitute therefor, operates as an extension

of time, must have its foundation in contract, express, or implied from the transaction, and this seems to be the doctrine of all the cases. The conflict arises upon the consideration of what constitutes a valid contract for the extension or substitution. We see no substantial reason why the taking of a note or written obligation of the debtor for the amount, and as a representative of the debt, conditioned for future payment, should not give rise to the presumption that the same was given and accepted pursuant to an agreement that the time of the enforcement of the collection of such debt be postponed until the maturity of such note or obligation. A debt being due, with the right of immediate action for its collection, the debtor tendering, and the creditor accepting, his negotiable promissory note for the amount thereof, due at a future day, there seems to be no substantial reason, in law or justice, why it should not be inferred, as matter of fact, that the debtor requested, and the creditor granted, forgiveness of immediate payment.

Assuming the inference of contractual relation from the transaction of the delivery and acceptance of the note or obligation of the debtor, the reason then assigned to defeat the validity of such a contract, by some of the cases cited, is that there is an absence of present consideration to support it; that, in giving such a note or obligation, there is wanting the resulting benefit or disadvantage essential in the law to support a promise. In this conclusion we are unable to agree. While the debtor might be made liable for the debt under prior contract relations he could not be compelled to acknowledge his indebtedness by a higher grade of evidence, such as is furnished by a written obligation. In this the creditor might be benefited. Again, the availability of a negotiable note over that of an ordinary debt for sale or discount must be considered an advantage to the creditor. It is not essential to the validity of a promise that the advantage to the party for whose benefit the promise is made should be equal to the benefit or injury to be sustained by the other. It is sufficient that an advantage or benefit is to be derived by the party who is the recipient of such promise. Regardless of these considerations, if the case of Place v. McIlvain, supra, is to be followed, the acceptance and retention of the notes given by Harwood & Irish to the plaintiffs would operate as an extension of credit of the debt that would be effectual to discharge the surety. Certainly, under the case last cited, the drawing of the draft at three days' sight by the plaintiffs, and the acceptance thereof by Harwood & Irish, had the effect to bar the right of action upon the original debt until default in the payment of the draft.

The complaint in this case should be dismissed.