## J. L. ADKERSON v. MARY ELIZABETH ADKERSON.

Middle Section. August 7, 1926.

No petition for Certiorari was filed.

1. **Appeal and error. The right of appeal is purely statutory.**
The right of appeal is purely statutory and hence the conditions on which an appeal may be granted are governed by statute and must be complied with.

2. **Appeal and error. Guardians ad litem of infants cannot prosecute suits in forma pauperis.**
There is no statute authorizing guardians ad litem of infants to prosecute suits or appeals in forma pauperis and in a suit where a guardian ad litem did not file bond as required, but filed an affidavit stating that he had no money of the ward's to enable him to provide for the expenses of appeal, held that the conditions of the appeal had not been complied with and the appeal could not be considered.

3. **Appeal and error. Conditional appeal and unconditional appeal distinguished.**
To give jurisdiction to the appellate court, the record must distinctly show that an appeal was regularly and unconditionally granted; or if the grant of the appeal was upon condition, it must appear that such condition has been strictly complied with; otherwise the appellate court cannot entertain jurisdiction of the appeal.

Appeal from Chancery Court of Rutherford County; Hon. T. B. Lytle, Chancellor.

Stricken from docket.

Jno. D. Wiseman, of Murfreesboro, for appellant.

Hancock & Hancock, of Murfreesboro, for appellee.

FAW, J. This case involves an issue between the complainant J. L. Adkerson and his infant daughter, the defendant Mary Elizabeth Adkerson, now about eleven years of age, as to whether complainant is entitled to curtesy in the lands of which his deceased wife, the mother of defendant, was seized and possessed at the time of her death on January 30, 1924.

A guardian ad litem, appointed by the chancery court, answered and made defense for the minor defendant. The case was finally heard on bill, answer and proof, and in his final decree (entered January 23, 1926) the chancellor found, adjudged and decreed that the legal title to three tracts of land described in the record, aggregating seventy-seven acres, was vested in Mrs. Mamie Adkerson (the wife of complainant and the mother of defendant) at the time of her death; that said lands were worth (at the date of the decree) "in the neighborhood of $7000," and that complainant is entitled to, the possession of said lands, as an estate by the curtesy, for the term of his natural life (with all rents accrued since the death of his said wife), and that the remainder in fee is vested in the minor defendant.

The guardian ad litem prayed an appeal from said decree, which appeal was granted by the chancery court upon certain conditions stated, which conditions appear from the paragraph of the decree relating to the appeal, as follows:

"To all of the foregoing decree the guardian ad litem for the minor defendant Mary Elizabeth Adkerson hereby excepts and prays an appeal to the next term of Court of Appeals of the State of Tennessee at Nashville, Tennessee, which prayer for an appeal is hereby by the court granted upon the guardian ad litem either making or having made the said bond of appeal or otherwise complying with the law in reference to the perfecting of appeal by oath prescribed for poor persons."

No appeal bond was filed by appellant, and the only attempt to perfect the appeal was the filing, within thirty days, by the guardian ad litem of an oath in the following words:

"STATE OF TENNESSEE: RUTHERFORD COUNTY.

"I, Jno. D. Wiseman, Guardian ad litem for Mary Elizabeth Adkerson, a minor, do solemnly swear that we are both residents of said county and State, and that I have no control over the property of the said minor defendant or the right to make any disposition thereof, so as to enable me to provide for the expense of an appeal prayed for by me as the guardian ad litem of the said Mary Elizabeth Adkerson to the next term of the Court of Appeals at Nashville, Tennessee, from a decree of the chancery court of said county rendered against her in favor of James L. Adkerson on the 23rd day of January, 1926; and that she is justly entitled to the relief sought, to the best of my belief.

                                             "Jno. D. Wiseman.
" (SEAL)
"Sworn to and subscribed before me,
"This the 19th day of Feb. 1926.
                    "B. S. Oldham, D. C. & M."

We are of the opinion that the appeal granted by the chancery court was not perfected, for the reason that an appeal bond was not

given by appellant. The right of appeal is purely statutory; hence the conditions on which an appeal may be granted are governed by statute. There is no statute in this State authorizing guardians ad litem of infants to prosecute suits or appeals in forma pauperis. It is so held by this section of the court, speaking through Judge Crownover, in the case of Eloise Scruggs v. Silas Baugh, Jr., et al, from the Williamson County chancery docket, in which opinion (handed down today) Judge Crownover reviews the Tennessee statutes and decisions touching the subject of appeals in forma pauperis.

Moreover, the record shows that the appealing infant is the owner of an estate worth approximately $7000, and if our statutes authorizing appeals in forma pauperis were broad enough to include guardians ad litem, or infants represented by guardians ad litem, we do not see how the guardian ad litem in the instant case could truthfully and properly make oath that owing to her poverty his ward is not able to bear the expense of the appeal. Shannon's Code, sec. 4928; Hale v. Landrum, 2 Humph., 32, 33. We do not understand that minor defendants in chancery, when the court has obtained jurisdiction of their persons and estates, are immune from judgments for costs. In this case, the learned chancellor ordered a fee to the guardian ad litem to be paid out of the estate of the infant defendant, and this, we think, was proper.

However, irrespective of the ownership or non-ownership of property by the infant-appellant, we do not think that her appeal can be lawfully prosecuted in forma pauperis.

As stated in an earlier part of this opinion, the appeal in this case was upon condition (1) that an appeal bond be made, or (2) that the appellant (or her guardian ad litem) comply with the law in reference to the perfecting of appeal by oath prescribed for poor persons.

The chancellor had no power to grant an appeal to the infant defendant or her guardian ad litem on the pauper's oath, and that part of the decree was therefore coram non judice and void. But if it were otherwise, and the law authorized an appeal in this case upon the guardian ad litem "complying with the law in reference to the perfecting of appeal by oath prescribed for poor persons," it appears that the guardian ad litem did not comply with the law in that respect. The statement in the oath (which we have already copied herein) that the guardian ad litem has no control over the property of the said minor defendant, or the right to make any disposition thereof, so as to enable him (the guardian ad litem) to provide for the expense of an appeal, etc., is not the equivalent of the statutory requirement that the appellant (the minor defendant) has not sufficient property to bear the expense of the appeal, etc. A guardian ad litem could, in every case, make the oath filed in the instant case, for a guardian ad litem, as such, does not have control over the property of his ward in any case. An oath by a general guardian representing an

infant in litgation, that he has no property of his ward out of which to bear the expenses of an appeal, might be sufficient, for the reason that the general guardian has, or should have, possession of all his ward's estate; but a guardian ad litem is, with respect to his ward's estate, more nearly analogous to a next friend of an infant. See Gibson's Suits in Chy. (Rev. Ed.), secs. 182-183.

The distinction between a conditional appeal and an unconditional appeal is pointed out by the Supreme Court in the case of Hale v. Parmley, 1 Shan. Cas., 29. In that opinion the court said: "To give jurisdiction to this court, the record must distinctly show that an appeal was regularly and unconditionally granted; or if the grant of the appeal was upon condition, it must appear that such condition had been strictly complied with; otherwise this court cannot entertain jurisdiction of the appeal."

In Hale v. Parmley, supra, the grant of the appeal was upon the express condition that the appellant should, within one month, execute such a bond as was "required by law," and it was held that a literal performance of this condition in all its terms was necessary on the part of the appellant to give effect to his appeal and to vest the appellate court with jurisdiction of the case.

In the case of Scruggs v. Baugh, opinion by Judge Crownover, to which we have heretofore referred, there was an unconditional appeal; but it seems obvious that the appeal in the present case was upon a condition with which the appellant has not complied. This court, therefore, has not acquired jurisdiction of the case. It results that an order will be entered striking the case from the docket of this court.

We see no reason why the infant defendant, through her guardian ad litem, may not obtain a review of the decree of the chancery court by writ of error, if proper bond be given, and, if it is desired to sue out a writ of error, the transcript filed on the attempted appeal may be withdrawn for the purpose of filing it on writ of error.

Crownover and DeWitt, JJ., concur.