## E. V. MARKHAM v. B. HADDAD et ux.

Western Section.    March 18, 1926.

No petition for Certiorari was filed.

1. **Appeal and error.** The allowance of time by the trial judge for the defendant to execute an appeal bond is equivalent to recital that the appeal was granted.

   Where the judge of the trial court did not expressly state that an appeal was granted but made an order allowing the defendant thirty days

within which to execute an appeal bond and to file a bill of exceptions, held that the order was sufficient and was equivalent to a recital that the appeal was granted.

2. **Appeal and error. Appeal held granted upon condition that appeal bond be filed.**

Where the order of the court read: "It is ordered that the defendant be and he hereby is allowed thirty days within which to execute an appeal bond with security as provided by law, and to file his bill of exceptions, and said appeal will be perfected upon said appeal bond with security as provided by law and bill of exceptions being filed within thirty days," held that the appeal was granted upon condition that an appeal bond be filed within thirty days.

3. **Appeal and error. In an action on unliquidated or open accounts, the appeal bond must provide for the payment of the whole debt, damages and costs.**

In an action to dismiss the appeal for failure to give bond where the action was on an unliquidated account and the bond did not provide for the payment of the debt, held that such an action falls within the statute, Shannon's Code, section 4894, and the appeal bond required in such cases is for the payment of the whole debt, damages and costs.

4. **Words and phrases. Unliquidated account defined.**

If the amount of an account has not been ascertained, and is of such a nature that one of the parties to the contract cannot alone render it certain, it is an unliquidated account.

5. **Words and phrases. Open account defined.**

An open account, in legal and commercial transactions, is an unsettled debt arising from items of work and labor, goods sold and delivered, and other open transactions, not reduced to writing and subject to future settlements and adjustment.

6. **Statutes. Section 4896, Shannon's Code, is limited to chancery courts.**

Section 4896, Shannon's Code, held limited in its application to decrees rendered by the chancery courts.

7. **Costs. Where suit is dismissed for failure to perfect appeal the costs are adjudged against the party attempting to appeal.**

In an action where the appeal was dismissed because of failure to comply with the statute and file a proper bond, held by virtue of section 4957, Shannon's Code, the costs should be adjudged against the party appealing.

Appeal in Error from Circuit Court, Fayette County; Hon. R. B. Baptist, Judge.

Appeal dismissed.

Grover McCormick, of Memphis, for plaintiff in error.

H. C. Moorman & Son, of Somerville, for defendants in error.

FAW, P. J. This case has been submitted to the court on a motion of the defendants in error, B. Haddad and wife, to dismiss the appeal of the plaintiff in error, E. V. Markham, and strike the case from the docket of this court.

The motion is grounded on the proposition that the appeal (in error) was granted on condition that the plaintiff in error "execute an appeal bond with security as provided by law" within thirty days from and after the grant of the appeal, and that there was no compliance with the condition on which the appeal was granted.

The rule of law and practice which the defendants in error thus seek to invoke is supported by rulings of our Supreme Court cited by their counsel. Hale v. Parmley, 1 Shan. Cas., 29; Henley v. Claiborne, 1 Lea, 224.

If an appeal was granted in this case, the grant was contained in the concluding paragraph of the final order overruling the motion of plaintiff in error for a new trial below, which paragraph is in these words:

"And thereupon the said motion for a new trial was overruled and disallowed by the court, to which action of the court, the defendant, E. V. Markham, excepted and prayed an appeal to the next term of the Court of Civil Appeals at Jackson, Tennessee, and upon the defendant's application, it is ordered that the defendant be and be hereby is allowed thirty days within which to execute an appeal bond with security as provided by law, and to file his bill of exceptions, and said appeal will be perfected upon said appeal bond with security as provided by law and bill of exceptions being filed within thirty days."

It is seen that an appeal was not granted in express terms, but, upon the authority of the case of Bank v. Johnston, 105 Tenn., 521, 524, we hold that the allowance of time by the trial judge for the defendant below to execute an appeal bond was "equivalent to a recital that the appeal was granted," for otherwise the trial judge "would certainly not have given time to make the appeal bond." But the provision in the order from which the grant of an appeal is implied likewise carries the implication that the appeal was granted upon the condition that it be perfected within thirty days by filing an appeal bond with security as provided by law.

The real controversy arising on the motion is whether plaintiff in error gave an appeal bond "as provided by law." In the circuit court defendants in error recovered a judgment against plaintiff in error for $1,025 and costs, and plaintiff in error appealed from this judgment and filed an appeal bond in the penalty of $250, conditioned upon the payment of costs only. Defendants in error contend that the case falls within the provisions of Shannon's Code, section 4894, and that the appeal bond should have been taken, and the sureties bound, for the payment of the whole debt, damages and costs.

For plaintiff in error it is insisted that this case falls within the requirements of section 4895, Shannon's Code, which requires that in all cases of appeal in suits at law not within the terms of section 4894, "the bond shall be for damages and costs only."

In strictness, the bond here in question does not comply with the terms of section 4895, as it is for costs only, and does not include

damages; but we will pretermit this latter question, as it is not directly raised by the parties.

Whether the motion under consideration should be sustained depends upon whether the suit is an action founded upon an "account."

The cause of action stated in the original summons· issued from the circuit court is "debt due by account for $2,000." The declaration filed by the plaintiffs below (defendants in error here) is in these words:

"Plaintiffs B. Haddad and wife Ola Haddad sue the defendant, E. V. Markham, for the sum of two thousand dollars ($2,000) due and owing to them from the said defendant, E. V. Markham, for that the said E. V. Markham being the father of a minor child Mary Evelyn Markham then only about two months old and her mother having recently died on or about the 7th day of September, 1921, committed to the plaintiffs the care and custody of his said minor child and at his request and solicitation plaintiffs took the possession of said child at the special request of said defendant and did nurse, nurture and care for said child from the date of the delivery of said child to them on the 7th day of September, 1921, to January 1, 1925, at which date they delivered and returned to the said defendant, E. V. Markham, the said child in compliance with an order of the circuit judge of the circuit court of Fayette county, Tennessee, made and entered in a certain proceeding then pending in said court and still pending, the said case being State of Tennessee on the relation of E. V. Markham; v. B. Haddad and Ola Haddad, habeas corpus, in which proceeding the care and custody of said child was given to the defendant E. V. Markham on December 4, 1924, the defendants being ordered to deliver said child to the said E. V. Markham, on January 1, 1925, which they did.

"During the time plaintiffs had the care and custody of said child they provided her with all necessary food and nourishment suitable to an infant of such tender years, they furnished to her all necessary clothing, employed a physician to treat her during her sickness, advanced and paid for the medical services of the physician who attended to her, they gave to said child during the time they had said child in their care and during the time they had said child in their possession all the care and attention she required both night and day, and all of which was necessary for her proper nurture, all which they did at the solicitation and request of the defendant, whereby the defendant became justly indebted to and owes the plaintiffs the said sum of two thousand dollars ($2,000) and for which they sue him in this cause and demand judgment therefor.

"Plaintiffs demand a jury to try the issues in this cause."

The defendant below pleaded "that he does not owe the money demanded of him in the declaration, or any part of it."

In Tennessee, common-law forms of action are no longer observed, and "debt" and "assumpsit" are the only actions founded on contract. Nil debet is the general issue "in every action upon a contract for the recovery of money wherever the demand is for a sum certain or capable of being reduced to a certainty," and non assumpsit is the general issue "in every action brought for the recovery of damages for the breach of a contract." History of a Lawsuit (Martin's 4th Ed.), pp. 184-185.

The attorney for plaintiff in error who filed the plea upon which the case was tried below understood the declaration as stating a cause of action in debt, and accordingly pleaded nil debet; and we think he correctly interpreted the declaration, for the plaintiff's demand was "for a sum certain or capable of being reduced to a certainty."

It was an action of debt, but we must go further and ascertain whether or not it was an action of "debt due by account," as it is described in the original summons.

The term "account" is "a word of wide and varied signification." (1 Corpus Juris, p. 596; 1 Cyc., p. 362); hence, it will be well to ascertain, if we may, whether the history of the statute here in question throws any light on the meaning of the word "account" as it is used therein.

Section 4894, Shannon's Code, is section 3162 of the Code of Tennessee (1858) as amended by chapter 17 of the Acts of 1865-66, and chapter 89 of the Acts of 1905. Section 3162 of the Code was in these words:

"In actions founded on bonds for the payment of money, bills single, bills of exchange, promissory notes, liquidated accounts signed by the party to be charged therewith, written obligations for the payment of bank notes, or promissory notes, bonds or written obligations for the delivery of specific articles, or on endorsements of negotiable instruments, if the appellant take an appeal in the nature of a writ of error, from an inferior to a superior jurisdiction, the bond shall be taken and the sureties bound for the payment of the whole debt, damages, and costs, and for the satisfaction of the judgment of the superior court where such cause may be finally tried and determined; and, in such case, the appellant shall pay interest at the rate of twelve and one-half per cent per annum."

The Act of 1865-66, chapter 17, merely reduced the rate of interest on judgments pending appeal from twelve and one-half per cent to six per cent.

The Act of 1905, chapter 89, is entitled "an Act to amend section 3162 of the Code of Tennessee in respect to bonds to be executed on appeals in the nature of a writ of error, so as to provide for bonds on appeal from judgments in actions on account."

Section 1 of said Act provides "that section 3162 of the Code of Tennessee be amended to read as follows: 'In actions founded on bonds for the payment of money, bills single, bills of exchange, promissory notes, accounts, written obligations for the payment of bank notes, or promissory notes, bonds or written obligations for the delivery of the specific articles, or on endorsements of negotiable instruments, if the appellant take an appeal, or an appeal in the nature of a writ of error, from an inferior to a superior jurisdiction, the bond shall be taken and the sureties bound for the payment of the whole debt, damages and costs, and for the satisfaction of the judgment of the superior court where such cause may be finally tried and determined; Provided, that nothing contained in this Act shall be construed as depriving appellants of the right of appeal in forma pauperis.' "

It is thus seen that the specific and sole purpose of the amendment of 1905 was to change the provision of Code section 3162 with respect to "judgments in actions on accounts;" and that the alteration made was the substitution of the single word "accounts" for the phrase "liquidated accounts signed by the party to be charged therewith."

The Act of 1905, when compared with Code section 3162, manifests a clear legislative purpose not only to dispense with the requirement that accounts be "signed by the party to be charged therewith" in order to come within the provisions of the Act, but also to extend the Act so as to include open accounts, and thus meet the former restricted construction of the statute. (12 Heisk., 39; 1 Baxt., 101).

The antithesis of a liquidated account is, of course, an unliquidated account. When, by agreement of the parties (either written or in parol), the amount of an account has been determined, or the data settled upon by which the amount can be calculated, it is a liquidated account. 5 Words & Phrases Judicially Defined, pp. 4173-4174; Martin v. Kirk, 2 Humph., 529, 532.

If the amount of an account has not been ascertained, and is of such a nature that one of the parties to the contract cannot alone render it certain, it is an unliquidated account. This is the case where the creditors' claim rests upon a quantum meruit. Chicago M. & St. P. Ry. Co. v. Clark, 92 Fed., 968, 975. For example: where a physician charged $5 a visit for 126 visits, and $10 each for four consultations, no agreement having been made in advance as to the rate to be charged, the court said; "the original contract, which the law implied, was an agreement on the part of the defendant to pay the plaintiff what his services were reasonably worth. From the very nature of the case, a further agreement must be rendered by the parties, fixing the value of the services, or else resort must be had to

a judicial determination for that purpose." Fuller v. Kemp, 138 N. Y., 236, 33 N. E., 1034.

An open account, in legal and commercial transactions, "is an unsettled debt arising from items of work and labor, goods sold and delivered, and other open transactions, not reduced to writing, and subject to future settlement and adjustment. 1 R. C. L., p. 207.

It is thus seen that an unliquidated account and an open account are alike, in that, the amount has not been ascertained and fixed, but is "subject to future settlement and adjustment."

We construe the declaration in this case as stating a cause of action in debt due by unliquidated, or open, account. It was formerly held by the Supreme Court that Code section 3162 did not include judgments in actions founded on open accounts. Mason v. Anderson, 12 Heisk., 38; Medaris v. Cowan, 1 Baxt., 101. It is, therefore, a reasonable assumption that, by omitting the word "liquidated" from the amendment of 1905 (which was an amendment by substitution), the legislature intended to include unliquidated, or open, accounts within the terms of the statute; and, in our opinion, the judgment in the instant case falls within the statute (Shannon's Code, section 4894), and the appeal bond "provided by law" in such case is a bond "for the payment of the whole debt, damages and costs."

Some reference is made in the briefs of counsel to section 4896, Shannon's Code, which provides that "where decrees are for a specific sum of money and against the party in his own right, the appeal bond shall be for the amount of the decree and damages and cost;" but section 4896, supra, is limited in its application to decrees rendered by the chancery court. Bilbo v. Allen, 4 Heisk., 31, 34.

In the view we have taken of this case, it is "on all-fours" with the case of Hale v. Parmley, 1 Shan. Cas., 29; and, as was done in that case, the motion of defendants in error will be sustained, the appeal dismissed and the cause stricken from the docket of this court.

It is provided by section 4957, Shannon's Code, that "where a suit is dismissed from any court for want of jurisdiction or because it has not been regularly transferred from an inferior to a superior court, the costs shall be adjudged against the party attempting to institute or bring up the cause."

The costs of the attempted appeal, including the cost of the transcript, will, therefore, be adjudged against E. V. Markham, the party attempting to "bring up the cause."

Owen and Senter, JJ., concur.