**Mary Frances Schmitt LIGON, Plaintiff-Appellee,**

v.

**Ronald Sanders LIGON, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section.

April 1, 1977.

Certiorari Denied by Supreme Court Aug. 22, 1977.

Abridged for Publication Oct. 13, 1977.

765

his own right, the appeal bond shall be for the amount of the decree and damages and cost. [Code 1858, § 3164 (deriv. Acts 1831, ch. 49, § 1); Shan., § 4896; Code 1932, § 9045.]"

■ This provision has reference to decrees or judgments in the chancery courts. *Bilbo v. Allen,* 51 Tenn. (4 Heisk.) 31 (1871); *Markham v. Haddad,* 2 Tenn.App. 370 (1926).

This statute is applicable to decrees or judgments for alimony in the Chancery Court. *Going v. Going,* 144 Tenn. 303, 232 S.W. 443 (1921) (a chancery case).

The present case was not tried in Chancery Court, but before the Circuit Court of Williamson County.

■ It might be plausibly argued that there is no difference between a divorce decree in circuit and the same decree in chancery. It might be argued with equal force that § 27–313 should apply to all described cases, whether in chancery or circuit; but the appeals statutes must be applied as enacted by the legislature and not as the courts or counsel may conceive they should have been enacted.

In *Troutt v. Troutt,* 35 Tenn.App. 617, 250 S.W.2d 372 (1952) (a circuit case), this Court held that divorce proceedings, to all intents and purposes, are chancery proceedings, but are sui generis, and differ in many respects from equity cases. In the same case, it was held that a husband who had posted bond for costs was entitled to a review of the entire decree, including alimony and attorneys fees.

■ Appellee insists that, since appellant assigns error only as to the award of alimony, this is a limited appeal relating to a money judgment and therefore subject to § 27–313. Jurisdiction having been transferred to this Court by general appeal, it is difficult to conceive that the scope of review by this Court would be limited and the amount of appeal bond belatedly increased by the failure of appellant to assign error as to all aspects of the judgment. If this were true, this Court would be limited to assignments of error in its "de novo review"

Maclin P. Davis, Jr., George Wesley Bishop, III, Waller, Lansden, Dortch & Davis, Nashville, Tenn., for plaintiff-appellee.

Charles H. Warfield, Farris, Evans & Warfield, Nashville, Tenn., for defendant-appellant.

TODD, Judge.

## ABRIDGED OPINION

In this divorce case, the defendant-husband has appealed from a decree awarding to the plaintiff-wife an absolute divorce, custody of three minor children, household goods and furniture, the right of occupancy of a residence during minority of the youngest child, alimony in solido of $600,000.00 subject to certain limitations, and $60,000.00 attorney fee. Other provisions of the decree will be set in detail as required.

The appellee has moved for dismissal of the appeal on the ground that the $250.00 bond filed by appellant is insufficient. The motion concedes that a broad, general appeal was granted by the Trial Judge; but it is pointed out that the appellant's assignments of error are not directed at the award of divorce, but solely at the award of alimony and attorneys fees, for which reason (it is insisted) the appeal bond should be for $660,000.00 because of T.C.A. § 27–313 which provides as follows:

> "27–313. *Bond on appeal of money decree.*—Where decrees are for a specific sum of money and against the party in

required by statute (§ 27–303, T.C.A.). It is generally conceded that this Court has authority to notice and correct errors whether assigned or not. Rule 13(4) Rules of Court of Appeals.

No authority has been cited or found for the dismissal of the appeal on the ground stated, hence the motion to dismiss is respectfully overruled.

The appellant-husband has filed five assignments of error and the appellee-wife has filed three assignments of error, all of which question the provisions of the decree in regard to alimony and other provisions for the support of the wife and children.

The parties were married in 1958. They have three sons, born in 1962, 1964 and 1967. In June, 1974, defendant removed from the home of the parties and established a separate residence. In August, 1974, defendant sued for divorce, but his suit was dismissed in October, 1974. In the present case, filed by the wife in 1975, the Trial Judge found that defendant has been guilty of cruel and inhuman treatment, as alleged in the original complaint.

During the marriage, the defendant has been successful in business and has accumulated substantial holdings. His income has been and is substantial; and, prior to the inception of marital difficulty, the family lived on a handsome scale. There is evidence that the expense of maintaining such a manner of life was and is $4,876.00 per month.

Defendant's auditor testified that, in 1975, defendant's salaries and other compensation for services amounted to $78,786.00 before taxes. Other items of rent, interest, etc., are shown to have increased his total income for 1975 to about $110,000.00. For the first six months of 1976, defendant's net income is shown to be $40,008.14.

The foregoing is sufficient to establish a factual basis for a liberal allowance to provide for the support of defendant's wife and children in accordance with the standard of living established by him prior to the separation. This conclusion is not seriously disputed on appeal.

The real issue on appeal is the form of provision of support, that is, whether same should be by transfer of assets in solido or by periodic payments. Defendant insists that provision should be made by periodic payments without transfer or encumbrance of assets so that he (defendant) may be permitted to continue to deal freely with all his assets in order to derive a profit therefrom. Plaintiff, on the other hand, prefers the security of a present allocation of property and/or the encumbrance of property to assure periodic payments.

The financial dealings of defendant and his holdings are so intricate, that it is difficult to arrive at an accurate and comprehensive understanding of same. According to his December 31, 1975 balance sheet, defendant's net worth was $973,077.14. However, plaintiff was successful in showing that certain assets were not shown at their true and actual value on the balance sheet.

In sum and substance, it is shown that defendant's net worth on December 31, 1975, was approximately $2,000,000.00 more than the $988,354.85 shown on his balance sheet and that his true worth was approximately $3,000,000.00. The Trial Judge found defendant's actual net worth to be approximately $2,400,000.00.

The facts being as stated, the question remains what financial provision should be made for the plaintiff-wife and her children.

The Trial Judge disposed of this issue as follows:

1. Plaintiff-wife was awarded all of the furnishings and personal effects in the home, with certain exceptions. On appeal, no question is made of this award.

2. Plaintiff was granted the right to occupy the residence situated on the farm belonging to defendant until the 18th birthday of the youngest child (1985). Defendant was required to pay taxes and insurance on said residence but was permitted to mortgage the farm including the possessory interest granted to plaintiff.

3. Defendant was required to hold plaintiff harmless from any liability on various debts of defendant on which she was liable. This provision is not questioned on appeal.

4. Plaintiff was awarded judgment in the amount of $600,000.00 for alimony in solido, provided no execution should issue thereon so long as defendant should pay interest at eight per cent in monthly installments.

5. Plaintiff was awarded judgment for $60,000.00 attorneys fees payable with eight per cent interest in three annual installments.

6. A lien was declared upon all property of Christus Biblical Gardens, Inc., to secure the two aforesaid judgments.

7. Defendant was required to pay directly all of the medical, dental and educational expenses of the children. This provision is not questioned on appeal.

■ This Court concurs generally with the conclusions of the Trial Judge as to the amount of periodic payments which should be made and the provision of alimony in solido. Specifically, this Court agrees that the eight per cent interest upon the $600,-000.00 judgment ($4,000.00 per month) is a reasonable periodic payment to be required of defendant. Also, the amount of $600,-000.00 alimony in solido is deemed reasonable.

However, this Court considers that the general intent of the decree of the Trial Judge would be more effectively carried out by modification of certain details of the decree, particularly by allocating the $4,000.00 monthly payments to specific purposes, i. e., periodic alimony, child support, and installments of alimony in solido. Also, a more specific and secure provision for a home for the mother and children and a more flexible provision for lien security is in order.

■ A reasonable resolution of the home problem would be to vest in the plaintiff absolutely the homeplace and surrounding lawn with the option in defendant to repurchase same within eight years for its actual present value plus eight per cent interest thereon until purchase. The extent of lawn and value of the house and lawn should be determined by the Trial Judge after hearing further evidence. This solution would assure plaintiff of the use of the home or funds to buy another of equal value, and would reserve to defendant the opportunity to retain or sell the farm and home as a unit.

■ The next question for resolution is the amount of child support. As noted above, the Trial Judge provided $48,000.00 per year or $4,000.00 per month for support of both plaintiff and children, but income taxes (both federal and state) would reduce the net benefit of this provision to less than $3,000.00 per month, and the entire payment would be deductible from defendant's taxable income.

If one-half of the $4,000.00 per month, or $2,000.00 be assigned to plaintiff as periodic alimony, this amount would be excludable from defendant's taxable income and taxable to plaintiff.

If the other half of the $4,000.00 per month, or $2,000.00 should be assigned to child support, this amount would not be excludable from the taxable income of defendant and would not be taxable to plaintiff. On this ground, the $2,000.00 might reasonably be reduced to $1,500.00 per month, that is, $500.00 per child. The $500.00 thus excluded from child support, as well as future reductions as the children reach majority, will enable defendant to make corresponding installment payments on alimony in solido.

It therefore seems reasonable to provide in the decree for payment of $2,000.00 per month periodic alimony so long as plaintiff remains unmarried and at least one of the children remains a minor.

It also seems reasonable to require payment to plaintiff of $500.00 per month support for each child during his minority, subject to the statutory reservation of authority to change custody or amount of support.

■ Alimony in solido should include the homeplace, or value thereof, as heretofore

provided, together with a cash provision of $500,000.00 payable $500.00 per month until the eighteenth birthday of the oldest child, $1,000.00 per month thereafter until the eighteenth birthday of the middle child, and $1,500.00 per month thereafter until the eighteenth birthday of the youngest child at which time the entire unpaid balance of said $500,000.00 alimony in solido shall be paid in full to plaintiff.

■ The next problem for solution is that of security for the payment of alimony and support and performance of other provisions of the decree. Because of the varied business interests of defendant, he seems to have a credible reason why none of his assets should be encumbered. This, however, is not a valid reason why his wife and children should not be assured of his support. This is especially true because of his behavior in respect to support after his departure from the home.

Nevertheless, it is considered that defendant, himself, should select the properties, funds, or other means of security, subject to the approval of the Trial Judge. Said properties, funds, or other security, should be sufficient in value and/or assured income to provide income equal to $4,000.00 per month (the aggregate of periodic alimony, child support and installments of alimony in solido) and to assure final payment of alimony in solido as mentioned above.

Until defendant provides such fund or other security satisfactory to the Trial Judge, a lien should be declared against the farm and capital stock of Christus Biblical Gardens, Inc., to assure performance of the decree. A suitable injunction should restrain the impairment of present net worth of the corporation, which is wholly owned by defendant.

As to the amount of counsel fee, this Court is without evidence, either in the record or otherwise, to make a determination.

■ Contrary to widespread belief and the arguments in brief, there is no rule in Tennessee that the attorney who represents a wife in securing a divorce is entitled to recover from the husband a fee equal to 10 per cent of the amount of alimony granted to the wife.

■ Ordinarily, if the wife is financially able to procure counsel, there is no occasion for fixing the amount of her counsel's fee which should be a matter of contract between attorney and client.

If the wife is financially unable to procure counsel, then it is in order for the Court to require the husband to pay such fees pendente lite as are necessary to secure the services of counsel for her.

■ If, in the final decree, the wife is awarded alimony in solido adequate for her needs and attorneys fees, there is again no occasion for the Court to fix a fee, which should be set by agreement of counsel and client. This principle does not, of course, deprive the Trial Judge of the discretion to fix attorneys fees in proper cases.

Where, however, the final decree does not provide funds out of which counsel may reasonably be paid, it is in order for the Court to award to the wife as additional alimony such amount as will reasonably enable her to pay reasorable compensation to her counsel. Such is the situation in the present case.

■ Where a court undertakes to fix an amount to be paid by the husband to the wife for payment of her counsel, consideration should be given to the amount of time spent in the representation of client and the usual, recognized, charge for the time spent. Of course, the seriousness of the matter being handled, the experience and reputation of the attorney involved, and other matters mentioned in DR 2–106, Code of Professional Responsibility, are also entitled to consideration.

Upon remand, opportunity should be afforded for the introduction of evidence to establish a reasonable basis for fixing an amount to be awarded to plaintiff for payment of her attorney.

In summary, the decree of the Trial Judge is modified as follows:

The provision for occupancy of the residence by plaintiff and maintenance thereof by defendant, the award of judgment of $600,000.00 for alimony in solido and $60,000.00 for attorneys fees and the lien upon the properties of Christus Biblical Gardens, Inc. (items 2, 4, 5 and 6, supra) are deleted and, instead, the decree will provide as follows:

a. Payment to plaintiff of child support of $500.00 per month for each minor child, to continue so long as plaintiff retains principal custody of such child and said child remains a minor, all subject to further orders of the Trial Court.

b. Payment to plaintiff of periodic alimony of $2,000.00 per month, to terminate upon her remarriage or the eighteenth birthday of the youngest surviving child, whichever occurs first.

c. Payment to plaintiff of alimony in solido of $500,000.00 at the rate of $500.00 per month until termination of oldest child's support, $1,000.00 per month thereafter until termination of middle child's support, $1,500.00 per month thereafter until termination of youngest child's support and remainder at the termination of youngest child's support.

d. The award to plaintiff of the residence of the parties and surrounding lawn as determined by the Trial Judge on remand, the evaluation of said residence and lawn by the Trial Court, and the option of defendant to repurchase said tract within eight years for the value so determined plus eight per cent interest from date of determination of value.

No interest shall be chargeable upon alimony in solido except after default in payment at the times stated herein, and then only upon the amount in default and for the period of default.

e. A lien upon the capital stock of Christus Biblical Gardens, Inc., and the remainder of the farm of defendant to guarantee performance of all of the provisions of the decree, provided that such lien may be released upon defendant providing a secure trust fund or other security approved by the Trial Judge sufficient to assure performance of all provisions of the decree.

f. The matter of provision of compensation for counsel for plaintiff is reserved for determination by the Trial Court after hearing further evidence.

As modified, the decree of the Trial Judge is affirmed. The costs of this appeal are taxed against defendant-appellant. The cause is remanded for further evidentiary hearings and rulings made necessary by this opinion, for implementation of the decree as modified and other appropriate proceedings.

Modified, Affirmed and Remanded.

SHRIVER, P. J., and DROWOTA, J., concur.