**Mary Frances Schmitt LIGON,
Plaintiff-Appellee,**

v.

**Ronald Sanders LIGON,
Defendant-Appellant.**

Court of Appeals of Tennessee,
Middle Section.

Aug. 3, 1979.

Certiorari Denied by Supreme Court
Nov. 5, 1979.

Maclin P. Davis, Jr., and George Wesley Bishop, Waller, Lansden, Dortch & Davis, Nashville, for plaintiff-appellee.

R. B. Parker, Jr., Parker, Nichol & Finley, Nashville, for defendant-appellant.

## OPINION

SHRIVER, Presiding Judge.

### The Case

Counsel for appellant filed a statement as required by Rule 12(a) of this Court on behalf of the appellant which is accurate and which is substantially as follows:

This is an appeal by Ronald Sanders Ligon from an order of the Trial Court, filed September 11, 1978, awarding appellee a judgment against appellant in the amount of $85,000.00 for her attorney's fees.

This appeal stems from a divorce action that was first before this Court in 1977, when the husband appealed from a decree awarding the wife, inter alia, an absolute divorce, alimony in solido of $600,000.00, and $60,000.00 as her attorney's fee to be charged to the appellant.

This Court, in an opinion written by Judge Todd, filed April 1, 1977, *Ligon v. Ligon*, reported in 556 S.W.2d 763 (Tenn. App.) certiorari having been denied by the Supreme Court, remanded the case as to the amount of counsel fees and stated as follows:

"As to the amount of counsel fee, this Court is without evidence, either in the record or otherwise, to make a determination.

Contrary to widespread belief and the argument in brief, there is no rule in Tennessee that the attorney who represents a wife in securing a divorce is entitled to recover from the husband a fee equal to 10 per cent of the amount of alimony granted to the wife.

Ordinarily, if the wife is financially able to procure counsel, there is no occasion for fixing the amount of her counsel's fee which should be a matter of contract between attorney and client.

If the wife is financially unable to procure counsel, then it is in order for the Court to require the husband to pay such fees pendente lite as are necessary to secure the services of counsel for her.

If, in the final decree, the wife is awarded alimony in solido adequate for her needs and attorneys fees, there is again no occasion for the Court to fix a fee, which should be set by agreement of counsel and client. This principle does not, of course, deprive the Trial Judge of the discretion to fix attorneys fees in proper cases.

Where, however, the final decree does not provide funds out of which counsel may reasonably be paid, it is in order for the Court to award to the wife as additional alimony such amount as will reasonably enable her to pay reasonable compensation to her counsel. Such is the situation in the present case.

Where a court undertakes to fix an amount to be paid by the husband to the wife for payment of her counsel, consideration should be given to the amount of time spent in the representation of client and the usual, recognized, charge for the time spent. Of course, the seriousness of the matter being handled, the experience and reputation of the attorney involved, and other matters mentioned in DR 2–106, Code of Professional Responsibility, are also entitled to consideration.

Upon remand, opportunity should be afforded for the introduction of evidence to establish a reasonable basis for fixing an amount to be awarded to plaintiff for payment of her attorney."

The record reveals that on August 10, 1978, pursuant to the order on remand, the Trial Judge, the Honorable Henry Denmark Bell, held an evidentiary hearing to establish a reasonable basis for fixing an amount to be awarded appellee for payment of her attorney.

On September 11, 1978, the Trial Judge filed an order awarding appellee a judgment against appellant in the amount of $85,000.00 for attorneys fees and granting an appeal.

Appellant respectfully contends that the award is clearly excessive, contrary to the evidence as to the amount of time spent, contrary to the preponderance of the evidence as to the reasonable value of the time, and contrary to the law of the case as stated in *Ligon v. Ligon*, supra, and contrary to the law of the State as enunciated in previous decisions of this Court and the Supreme Court.

At the hearing on August 10, 1978, appellee's attorneys filed affidavits describing the work done by them in the case and submitted themselves for cross-examination. Copies of these affidavits had previously been furnished to appellant's attorneys and prior to the hearing appellant had taken the discovery deposition of appellee's attorney, Maclin P. Davis, Jr., wherein Mr. Davis testified that he had substantial experience as an attorney, having been engaged in the private practice of law since March, 1950, and that substantial skill and experience were necessary because appellant's attorneys, Warfield, Martin and Parker, were excellent attorneys of great skill and much experience, and this was a vigorously contested case involving discovery procedures, the original trial which was appealed to the Court of Appeals, and a Petition for Certiorari in the Supreme Court, motions for relief pending appeal, child custody, visitation, etc. He further called attention to the very large amount of money and property involved in the case and the work of appellee's attorneys resulting in substantial benefits to her. He also testified that appellee's attorneys incurred expenses of $2,447.29 in this case, for which they had not been reimbursed, and have received nothing otherwise than $1,000.00 paid by appellee in July, 1976, and a $2,000.00 fee ordered paid her attorneys by the appellant. He also called attention to the fact that appellant can well afford to pay substantial attorneys' fees in view of his very substantial income and property as shown in the record. Mr. Davis expressed the view that, taking into consideration all relevant factors, $125,000.00, plus expenses of $2,447.29, is a reasonable amount for attorneys' fees for work performed by him and his associate, attorney Bishop.

Mr. Dave Alexander, attorney of Franklin, with many years experience, testified that in his opinion a reasonable fee for services for appellee's attorneys would be $100,000.00.

Mr. Lewis H. Conner, Jr., a Nashville attorney, testified that in his opinion a reasonable fee for appellee's attorneys for the entire litigation would be $107,692.29, based on an hourly rate.

Mr. Davis testified that he had spent 380 hours working on the case prior to July 25,

1978, the date of his first affidavit, and Mr. Bishop spent 42¾ hours, and the clerks 10 to 20 hours working on the case prior to the hearing in August of 1978. He testified that he spent 201¾ hours in the Circuit Court pending appeal on the remand and 49½ hours on it in the Appellate Court, and estimated an additional 15 hours in preparing for the hearing of August 10th, 1978, making a total of 412¾ hours, not counting the work involving the present appeal.

Appellant's attorney Warfield testified that his firm billed at the rate of $60.00 an hour, although in some isolated cases they could have billed $100.00 an hour. He conceded that Mrs. Ligon achieved good results in the Circuit Court and on appeal. On the whole, he expressed the opinion that $100,-000.00 would be an excessive fee in this case.

Mr. C. D. Berry, attorney of Franklin, testified that the usual charge on an hourly basis in Franklin is between $50.00 and $60.00, while Mr. Richard A. Buerger, Esq., of the Williamson County Bar, stated that his firm's hourly charges are between $40.00 and $50.00.

The affidavit of R. B. Parker, Jr., attorney for the appellant, filed as a part of the record in this case, recites, among other things, that he has practiced law in Nashville since January, 1950, and that he and the members of his firm in representing Mr. Ligon in this case spent a total of 503½ hours for which Mr. Ligon was billed a total of $29,698.00, which was at a rate of approximately $60.00 an hour, except for Court appearances which were at a rate of $500.00 a day.

### Assignments of Error

There are three assignments of error, as follows:

"1. The Court erred and abused its discretion in awarding appellee judgment against appellant in the amount of $85,-000.00 for attorneys' fees in that such amount was unreasonably excessive and much more than the amount reasonably required to obtain the necessary services.

2. The judgment of the Court is contrary to the uncontradicted evidence as to the amount of time spent, and contrary to the preponderance of the evidence as to the reasonable value of the time, and contrary to the law of this case as stated in *Ligon v. Ligon*, supra, and contrary to the law of this State as enunciated in *Gholson v. Gholson* and *Langley v. Langley*, infra.

3. The Trial Court erred in failing to apportion the award so as to specify the amount that was awarded for services reasonably required in the Trial Court before the appeal and the amount awarded for reasonable and necessary services on appeal."

### Our Conclusions

Bearing in mind the holdings of this Court in the opinion written by Judge Todd, filed April 1, 1977 in *Ligon v. Ligon*, where it was stated:

"Ordinarily, if a wife is financially able to procure counsel, there is no occasion for fixing the amount of her counsel's fee which should be a matter of contract between attorney and client."

In that Opinion it was also further said, as is seen from the quotation hereinabove:

"Where, however, the final decree does not provide funds out of which counsel may reasonably be paid, it is in order for the Court to award the wife as additional alimony such amount as will reasonably enable her to pay reasonable compensation to her counsel. Such is the situation in the present case."

It is also observed in said opinion that where the Court undertakes to fix an amount to be paid by the husband to the wife for payment of her counsel, consideration should be given to the amount of time spent, etc., including the seriousness of the matter being handled, the experience and reputation of the attorneys, and other matters mentioned in the code of professional responsibility.

While the record discloses that the appellee, Mrs. Ligon, received a substantial award of alimony in solido as well as alimony payments to be made by her husband,

nevertheless, most of the assets involved in her award were not liquid assets so that cash for the payment of a substantial attorneys' fee was not readily available to her. Hence, as was suggested in the opinion of this Court upon remand, opportunity was afforded for the introduction of evidence to establish a reasonable basis for the fixing of an amount to be awarded to plaintiff for the payment of her attorney.

From the evidence submitted by the attorneys for Mrs. Ligon as to the amount of time spent in representing her in this case, together with the results obtained for her and the value of the estate involved, we are persuaded to believe that the judgment of the Trial Court to the effect that $85,000.00 represented a reasonable fee for Mrs. Ligon in this case was justified by the evidence both for appellee and appellant.

On the other hand, considering the substantial award of alimony to Mrs. Ligon and her obvious ability to pay a reasonable fee to her counsel, we have concluded that $50,-000.00 would be a reasonable and adequate amount to be paid by Mr. Ligon as attorneys fees for appellee, Mrs. Ligon, and the additional amount of fees to her counsel should be paid by appellee.

It results that to the extent above indicated, the assignments of error are sustained and the judgment of the Trial Court accordingly so modified.

On May 22, 1979, appellee filed in the Court of Appeals a supplemental assignment of error contending for the first time that the Circuit Court judgment was erroneous because it was based on T.C.A. § 36–820 which appellant contends violates the equal protection clause of the 14th Amendment of the Constitution of the United States and, thereafter, notice was given the Attorney General of appellant's contention.

It is to be noted that appellant did not obtain leave of the Court to file his supplemental assignment of error and at the time said assignment was filed, the time allowed for filing assignments of error had long since expired.

Thereafter, Attorney General William M. Leech, Jr., acknowledged receipt of notice that T.C.A. § 36–820 was being challenged in this Court and said acknowledgement of notice filed in this Court states:

"By this acknowledgement the Attorney General also advises the Court of his intention not to intervene in this litigation."

In response to the filing of said motion, appellee filed her motion to strike the supplemental assignment of error upon the ground that said assignment, brief and argument were not filed within the time allowed by the Rules of this Court.

In view of all of the foregoing, this Court sustains the motion of appellee to strike the said supplemental assignment of error.

As thus modified, the judgment of the Trial Court is affirmed.

MODIFIED AND AFFIRMED.

DROWOTA and LEWIS, JJ., concur.