Earlene S. DUNCAN, Plaintiff-Appellant,

v.

Paul DUNCAN, Defendant-Appellant.

Court of Appeals of Tennessee, Eastern Section.

March 8, 1983.

Application for Permission to Appeal Denied by Supreme Court June 13, 1983.

W. Clark Meredith, Thomas N. Depersio, Oak Ridge, for plaintiff-appellant.

W. Buford Lewallen, David L. Buuck, Knoxville, for defendant-appellant.

## OPINION

GODDARD, Judge.

In this divorce case, both parties appeal the judgment of the Trial Court which granted the Plaintiff, Earlene Duncan, a divorce along with alimony *in solido* in the amount of $25,000 and $750 in attorney fees. In making his award, the Chancellor upheld the provisions of the parties' antenuptial agreement relating to the division of property, but held invalid that portion of the agreement dealing with alimony and attorney fees. The Defendant, Paul Duncan, asserts that the questions of alimony and attorney fees should be decided in accordance with the parties' antenuptial agreement which provided that neither party would be entitled to either in the event of a separation. The Plaintiff argues that the $25,000 award was actually a division of jointly-held property acquired after the marriage and that the Trial Court abused its discretion in failing to award the Plaintiff adequate alimony.

The parties were married in August 1979. Prior to their marriage and in July 1979, they executed an antenuptial agreement that purported to control the division of property, support, alimony, and attorney fees in the event of a separation. At the time of this agreement, the Defendant owned certificates of deposit in the amount of $108,412, as well as various properties including a restaurant, filling station, skating rink, and beauty parlor. The Plaintiff owned some six or seven pieces of real estate, including one eight-acre tract. At some time following the agreement, the Plaintiff sold one of her lots for $10,000. At the time of this trial, two additional lots owned by the Plaintiff were on the market at an asking price of $140,000. The parties were separated in September 1981, and after brief attempts at reconciliation, this action was commenced.

As noted by the Chancellor, both of the parties are in excellent financial condition at the present time. The Defendant owns $326,525 in certificates of deposit alone and enjoys a gross income of approximately $70,000 per year. The Plaintiff continues to own several pieces of real estate and receives $500 per month in rental income.

The Defendant cites the case of *Hoyt v. Hoyt*, 213 Tenn. 117, 372 S.W.2d 300 (1963), in support of his contention that the Chancellor erred in holding that the provision in the antenuptial agreement limiting alimony and attorney fees is void as against public policy. *Hoyt* dealt with a reconciliation agreement entered into in an attempt to save a failing marriage. Certainly any attempt at reconciliation would not be promotive or conducive to the breaking up of the marriage even though the reconciliation agreement might include provisions limiting alimony or child support. On the other hand, an antenuptial agreement limiting support, alimony, or attorney fees in the event of divorce would not be in furtherance of the marriage but would tend to make a divorce a more attractive alternative to the wealthier spouse when faced with the everyday problems with which all married couples must cope. Indeed, the Court stated in *Hoyt*, 213 Tenn. at 123, 372 S.W.2d at 302:

> The stability of the home founded on the union of man and woman through marriage has from the beginning been of

such great importance to the public good, that the courts have long held void, as against the public interest, any contract of any nature, which would be promotive or conducive to the breaking up of this relation. This reasoning is as valid in this modern age as it has ever been. We think the correct decision in the case at bar will be reached by deciding whether or not a contract of this nature would be promotive or conducive to the breaking up of the marriage relation.

■ We are of the opinion, and this Court has so held, that a provision in an antenuptial agreement which purports to limit a spouse's liability for alimony is conducive to divorce and, therefore, void. *Crouch v. Crouch,* 53 Tenn.App. 594, 385 S.W.2d 288 (1964). The same rule should apply to attorney fees which are normally considered as part of a spouse's alimony. *Raskind v. Raskind,* 45 Tenn.App. 583, 325 S.W.2d 617 (1959). Consequently, we affirm the Chancellor's finding that the provision in the parties' antenuptial agreement purporting to limit alimony and attorney fees is void as against public policy.

■ Neither of the parties on appeal questions the validity of the antenuptial agreement insofar as it provides for a division of the parties' property. Such agreements have received the express approval of the Legislature in T.C.A. 36–606. However, the Plaintiff does contend that her $25,000 award was not alimony, but was actually her just share of jointly-held property acquired after the marriage, to which she was already entitled under T.C.A. 36–825. Consequently, she argues that she is entitled to additional alimony based on the facts and circumstances of this case.

The Chancellor's memorandum opinion reveals that the $25,000 award in this case was based on the "appreciation of assets which result through the joint efforts of the parties during the period of the marriage." The Chancellor went on to find that the Plaintiff had contributed to the apprecia-

tion of the parties' assets by furnishing them with a residence during the marriage, offering her services in the family business, and perhaps contributing some personal monies for the accumulation of joint assets. The Plaintiff is correct in her contention that such an award is more properly considered a division of jointly-held property rather than alimony. Although mislabeled as alimony, the award granted by the Chancellor is proper in that he was careful to consider only the assets accumulated through the joint efforts of the parties during the period of the marriage. In making his award, the Chancellor did not consider the Defendant's personal assets, or income and appreciation on those assets since the Defendant retains sole and exclusive ownership of these assets under the terms of the antenuptial agreement. Assets accumulated during the marriage through the joint efforts of both parties are not covered by the antenuptial agreement and, therefore, should be divided in a fair and equitable way as we believe the Chancellor has done. Because this is the Plaintiff's second marriage and it lasted less than three years, and because she is receiving $25,000 out of the parties' joint assets and already owned substantial personal assets as well, we do not believe any additional award in the form of alimony is proper.

■ The Defendant insists that even if the provision of the antenuptial agreement concerning alimony and attorney fees is void, the Chancellor's award of $750 in attorney fees is improper in that the Plaintiff is financially able to pay her own attorney. Considering the Plaintiff's financial resources in light of this Court's decision in *Ligon v. Ligon,* 597 S.W.2d 310 (Tenn.App. 1979), we agree with the Defendant's contention and reverse the Chancellor's award of attorney fees.

The judgment of the Trial Court is affirmed as modified and the cause remanded for such further proceedings, if any, as may be necessary, and for collection of costs below. The costs of appeal are adjudged

one-half to the Plaintiff and her surety and one-half to the Defendant and his surety.

PARROTT, P.J., and SANDERS, J., concur.