**Billie G. MARTIN, Plaintiff-Appellee,**

v.

**Harry C. MARTIN, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 25, 1987.

Application for Permission to Appeal Denied by Supreme Court June 22, 1987.

---

J. Stanley Rogers, Manchester, for plaintiff-appellee.

Sam E. Wallace, Nashville, for defendant-appellant.

## OPINION

LEWIS, Judge.

This is an appeal by defendant, Harry C. Martin, from the trial court's finding and judgment that an oral agreement entered into in contemplation of divorce by the parties in 1980 did not preclude the plaintiff, Billie G. Martin, sharing in assets acquired subsequent to the agreement and, also, from the trial court's finding that the wife was entitled to an award of attorney's fees for her attorney of record.

In late 1979 and early 1980 the parties had difficulties which resulted in Mrs. Martin contacting a lawyer in order to file for divorce. No suit was filed; however, the parties agreed that they would divide their property in contemplation of a divorce.

In 1980, with the help of a lawyer they jointly chose, the parties entered into an oral settlement agreement in contemplation of a divorce. Pursuant to that agreement, they divided their entire marital estate and executed the necessary deeds to vest the property in the respective parties. Pursuant to the agreement, Mrs. Martin received the residence of the parties and other real and personal property, all of which had a value of some $238,000. Mr. Martin received real and personal property having a value of $236,000.

However, once the division of the marital property had been made, the parties did not divorce. Because of ill health, Mr. Martin continued to reside in the residence until August 1985, except for a short period in 1983. Shortly after he moved out in 1983, he returned, according to his testimony, because Mrs. Martin asked him to.

In August 1985, Mrs. Martin filed her suit for divorce. Mr. Martin answered, and, following a bench trial, the court granted Mrs. Martin a divorce, $35,812 in notes receivable as her equitable share of the marital property which had been acquired since 1980, and ordered Mr. Martin to acquire for Mrs. Martin "a conversion policy of his group insurance, all expenses in regard thereto to be borne by Mrs. Martin," and further ordered Mr. Martin to pay "an attorney fee" for Mrs. Martin's attorney of record.

We discuss the first two of Mr. Martin's three issues together. They are:

1. The Court erred in finding that the 1980 settlement did not effect a full settlement of the property rights of the parties under the facts.

2. The Court erred in finding that the assets of the Defendant, Harry C. Martin, were such that Plaintiff, Billie G. Martin, is equitably entitled to $34,812.00 in notes receivable.

Mr. Martin insists that the agreement the parties entered into in 1980 "settled

once and for all and divided the marital property between the parties." It is his insistence that the $35,812 in notes receivable represent one-third of property acquired by him after the 1980 settlement agreement and that Mrs. Martin is entitled to no part of that.

He insists that once a married couple enters into an agreement in contemplation of divorce, that agreement is final regarding marital property, notwithstanding the fact that the parties may live together for several years thereafter.

He relies on two cases, *Hoyt v. Hoyt*, 213 Tenn. 117, 372 S.W.2d 300 (1963), and *In re Estate of Montesi*, 682 S.W.2d 906 (Tenn. 1984).

In *Hoyt*, the parties had separated and, in an attempt to reconcile, had entered into a written property settlement agreement that "attempted to settle [the division of their marital property] between themselves for the present and the future." 213 Tenn. at 125, 372 S.W.2d at 303. The contract in *Hoyt* made provisions for the division of the marital property whether or not the parties had a successful reconciliation or whether they later divorced.

The same is true in *Montesi*. The court there stated: "We are of the opinion that only if the agreement purports to conclude all marital rights and to effect a full settlement thereof under all contingencies would it have the effect of waiving the right to dissent or other right of a surviving spouse." 682 S.W.2d at 911.

The trial court here stated in its Memorandum:

> The credible proof in this case leads the Court to conclude that the property settlement agreement entered into between the parties in 1980 purported to conclude all material [*sic*] rights at that time in contemplation of an imminent divorce. Had divorce ensued immediately as was contemplated by the parties the property rights of the parties would have been settled, but because of the health of Mr. Martin the divorce did not occur and

therefore the property settlement agreement did not effect a full settlement of the property rights of the parties under the facts of this case. This Court is impelled to the conclusion that the equities of the case dictate that Mrs. Martin shared in the accumulation of assets by Mr. Martin until the date of divorce, considering Mrs. Martin's efforts and expenditures since the date of the settlement of 1980.

As the trial court found, the agreement entered into between the parties did not cover all contingencies but covered only "an imminent divorce."

■ The facts fully support the court's finding. The evidence is that the agreement did not purport to conclude the marital rights in the event there was a reconciliation. The agreement purported only to divide the property if there was a divorce at that time.

The record further shows that Mr. Martin continued to live in the home with Mrs. Martin, that they purchased investment property in joint names, that they entered into a joint venture in the purchase of property in Coffee County which had been used as a drive-in theater, and that Mrs. Martin contributed $5,000 toward the down payment on that property. The evidence is that she contributed physical labor in constructing a residence on the property, that part of the property with the residence was sold for $41,500. From this sale, Mr. Martin received $10,000 in cash and took a note showing only himself as payee for the balance of $31,500. The remainder of this property has a value of some $34,285.

Mr. Martin, as we have stated, continued to reside at the residence where he raised and sold cattle, and farmed, and he took the profits made from cattle sales and farming for himself. Mrs. Martin paid all utility bills and bought all of the food from 1980 to 1983. In 1983, Mr. Martin did commence giving Mrs. Martin his retirement check of $550 per month to help defray household expenses, and he continued

to do so until the complaint for divorce was filed in 1985.

The court's finding that the assets accumulated from 1980 until August 1985 were accumulated through the joint efforts of the parties and that this was marital property subject to equitable division is supported by the evidence.

Issues one and two are without merit.

By his third issue, defendant states: "The Court erred in finding that the Plaintiff, Billie G. Martin, was entitled to attorney's fees to be paid by the Defendant, Harry C. Martin."

This Court, in *Ligon v. Ligon*, 556 S.W.2d 763, 768 (Tenn.App.1977), stated:

Ordinarily, if the wife is financially able to procure counsel, there is no occasion for fixing the amount of her counsel's fee which should be a matter of contract between attorney and client.

If the wife is financially unable to procure counsel, then it is in order for the Court to require the husband to pay such fees pendente lite as are necessary to secure the services of counsel for her.

If, in the final decree, the wife is awarded alimony in solido adequate for her needs and attorneys fees, there is again no occasion for the Court to fix a fee, which should be set by agreement of counsel and client. This principle does not, of course, deprive the Trial Judge of the discretion to fix attorneys fees in proper cases.

Where, however, the final decree does not provide funds out of which counsel may reasonably be paid, it is in order for the Court to award to the wife as additional alimony such amount as will reasonably enable her to pay reasonable compensation to her counsel.

Plaintiff, as of the date of trial, had a bank account of approximately $200. She was employed and had a weekly income of approximately $115. While her share of the marital estate in 1980 was some $238,000 and she was granted notes receivable having a value of some $35,000, the record discloses no liquid assets. Plaintiff does not have liquid assets out of which to pay her counsel's fee. The final decree does not, except for counsel's fee, award plaintiff either periodic or alimony *in solido*. The trial judge did not abuse his discretion in awarding plaintiff her counsel's fee.

This issue is without merit.

The judgment of the trial court is affirmed with costs assessed against the defendant and the cause remanded to the trial court for the collection of costs and any further necessary proceedings.

CANTRELL, J., and LLOYD TATUM, Special Judge, concur.