WILLIAM STOKLEY DONELSON, II,     )
                                  )
    Respondent/Appellee,      )     Appeal No.
                                  )     01-A-01-9509-CV-00410
v.                                )
                                  )     Davidson Circuit
NANCY DRAKE DONELSON,             )     No. 83D-779
                                  )
    Petitioner/Appellant.     )

**FILED**

**February 9, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE FOURTH CIRCUIT COURT FOR

DAVIDSON COUNTY AT NASHVILLE, TENNESSEE

THE HONORABLE MURIEL ROBINSON, JUDGE

WILLIAM STOKLEY DONELSON, II
1919 Hillmeade Boulevard
Nashville, Tennessee  37221
    ATTORNEY FOR RESPONDENT/APPELLEE

CHARLES GALBREATH
901 Stahlman Building
Nashville, Tennessee  37201
    ATTORNEY FOR PETITIONER/APPELLANT

AFFIRMED AND REMANDED

PER CURIAM

The sole issue in this appeal is whether the trial court awarded petitioner/appellant's attorney a reasonable attorney's fee.

There is no transcript of the evidence. The trial judge's "statement of the evidence" states "[a]fter considering the entire matter the court awarded the attorney for the petitioner a reasonable fee in the amount of $750.00 for his services rendered to which he now excepts and appeals this portion of the Order." It is the insistence of the petitioner's attorney that the court should have ordered respondent/appellee to pay a fee greatly in excess of this amount.

It is only "where a wife is without resources to provide counsel for herself, [that] the court will require her husband to provide funds necessary for procuring services of counsel...." *Palmer v. Palmer*, 562 S.W.2d 833, 839-40 (Tenn. App. 1977). "In practice, such fees are almost uniformly ordered to be paid to the wife's counsel, but the grant is justified as an allowance to the wife for a necessary expense." *Id.* at 839.

> Ordinarily, if the wife is financially able to procure counsel, there is no occasion for fixing the amount of her counsel's fee which should be a matter of contract between attorney and client.
>
> If the wife is financially unable to procure counsel, then it is in order for the Court to require the husband to pay such fees...as are necessary to secure the services of counsel for her.

*Ligon v. Ligon,* 597 S.W.2d 310, 310 (Tenn. App. 1979)(quoting *Ligon*

---

[1]Court of Appeals Rule 10(b):
The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

*v. Ligon*, 556 S.W.2d 763, 768 (Tenn. App. 1977)). The issue of whether to award attorney's fees when the wife is financially unable to procure counsel is a matter that is within the discretion of the trial court.

The record before us does not establish that wife was financially unable to procure counsel. Thus, it would have been appropriate for the court to not award attorney's fees. That issue is not before us on appeal. We therefore affirm.

Therefore, it results that the judgment of the trial court is in all things affirmed, and the cause is remanded to the trial court for any further necessary proceedings. Costs on appeal are taxed to the petitioner/appellant.

PER CURIAM